UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TONY SCOTT,

    Plaintiff,

v.                                                                                      06-3144

DR. LOWELL BROWN et al.,

    Defendants.

### Case Management Order #1 (Merit Review)

    The plaintiff, currently incarcerated in Western Illinois Correctional Center, filed this action regarding his lack of medical treatment for coronary artery disease.  The court is required to conduct a merit review of the Complaint, to identify cognizable claims and dismiss those that are not.  28 U.S.C. §1915A  A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary.  The Complaint already clearly sets out the claims.

    The merit review standard is the same as the motion to dismiss standard.  The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

    The plaintiff alleges that he has a diagnosed serious medical condition, coronary artery disease, for which he needs surgery, or, at least, effective medicine.  Since he arrived at Western in 2005, he has experienced numbness on his left side, shortness of breath, and fatigue.  His requests for effective treatment have been repeatedly denied and ignored by the defendants.

    The plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs.

    "A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'"  *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff alleges that his heart condition has already been identified as serious by a physician. Further, his own description of his symptoms allows a reasonable inference that his condition is serious. Thus, his allegations satisfy the "serious medical need" requirement.

The "deliberate indifference" requirement is a high hurdle. Deliberate indifference is not negligence or even gross negligence. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). To show deliberate indifference, the plaintiff must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001), *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000). Deliberate indifference may be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996); *see also Collingnon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)(deliberate indifference may be established if "response so inadequate that it demonstrated an absence of professional judgment, that is, that nominally competent professional would not have so responded under the circumstances."). Malpractice or disagreement with a doctor's treatment decisions is not deliberate indifference. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). However, a prison doctor's disregard of a specialist's recommendations *may* allow an inference of deliberate indifference, depending on the facts of a particular case. *Gil v. Reed*, 381 F.3d 649, 663-64 (7th Cir. 2004).

As for the defendants who are not medical professionals, deliberate indifference generally does not exist "[i]f a prisoner is under the care of medical experts . . . [A] non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . . Perhaps it would be a different matter if [non-medical staff] ignored [an inmate's] complaints entirely, but we can see no deliberate indifference [where the staff] investigated the complaints and referred them to medical providers. . ." *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir 2005). However, deliberate indifference might be shown if prison staff intentionally denied or delayed access to medical care, or intentionally interfered with prescribed treatment. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Deliberate indifference might also exist if "it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment." *Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920 (N.D. Ill 2002)(noting that, "except in [that] unusual case, prison officials may reasonably rely on the judgment of medical professionals.")(other citations omitted), *cited with approval by Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006).

The plaintiff alleges that the defendants have repeatedly ignored his pleas for treatment of his heart condition. That sufficiently pleads deliberate indifference at this stage. The deliberate indifference of the non-medical defendants cannot be ruled out. A reasonable inference arises that plaintiff's need for treatment was/is obvious, even to a layperson, or at least the inference is not inconsistent with the allegations.

The plaintiff also pursues a claim for negligence (malpractice) under Illinois law. To do so he must attach an affidavit to his complaint, averring that he has consulted with a qualified physician who in turn has concluded that the case has merit. That physician's report must also be attached to the Complaint. 735 ILCS 5/2-622(1). The plaintiff does not attach the affidavit and physician report required by 735 ILCS 5/2-622(1), so his malpractice claim will be dismissed, without prejudice to refiling with the required affidavit and report.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states a claim that the defendants were and continue to be deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment to the U.S. Constitution.

2) The plaintiff's malpractice/negligence claims based on Illinois law are dismissed, without prejudice, for failure to attach the affidavit and report required by 735 ILCS 5/2-622(1).

3) At this point, the case proceeds solely on the federal claim identified in paragraph one above.

4) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

5) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 23rd Day of August, 2006.

                                        s\Harold A. Baker
                                    _____
                                        HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE