E-FILED
Thursday, 14 September, 2006 10:26:54 AM
Clerk, U.S. District Court, ILCD

Tony Scott

-V-

Defendant

Dr. Lowell Brown, et Al.,

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CASE # 3:06-CV-03144

MOTION FOR APPOINTMENT OF COUNSEL

Now comes Tony Scott (Hereinafter, Plaintiff), Pro Se and via a Jail House Lawyer, respectfully move this Honorable Court to appoint Counsel to represent Plaintiff in the above entitled cause. In support thereof, Plaintiff states as following:

I

STANDARD OF REVIEW

1. The authority for a U S. Distrct Court to appoint Counsel for judgements in Civil cases is derived from 28 U.S.C. Section 1915(d), See also Macklin v. Freake, 650 F. 2d 885, 886 (7th Cir 1981), also Hodge v. Police Officers, 802 F2d 58, 60 (2nd Cir 1986). The District Court has broad discretion in determining whether to appoint Counsel, "Is to be guided by sound legal principals"

In Civil Rights Complaints, Counsel must be appointed for qualified indigents when a hearing is required or when the Court deems appointment is necessary in the interest of justice.

In Macklin, 650 F.2d, at 887-89, The Seventh Circuit set out a non exhaustive list of five factors to consider when deciding a MOtion For The Appointment Of Counsel: 1) The merits of Plaintiff's claims; 2) Whether Plaintiff can investigate crucial facts; 3) Whether the trained Counsel will better expose the truth; 4) The Plaintiff's ability to present the case; and 5) The complexity of the relevant legal issues; more recently however The Seventh Circuit stated that the necesssary inquiry is simpler than the multifactorial approach used in Macklin. Farmer v. Hass, 990 F.2d 319 322

(7th Cir) Cert denied 510 U.S.963 (1993).

The Farmer Court determined that the necessary inquiry is whether "The Plaintiff appear[s] to be competent to try the case himself and if not would the would the presence of Counsel [make] a difference in the outcome? Id. see also Zarnes v. Rhodes, 64 F.3d 285,288 (7th Cir 1995).

Appointment of Counsel is, therefore, appropriate if the difficulty of the issues relevent to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of counsel, and he could not obtain a lawyer on his own, Farmer, 990 F.2d 322; Jackson v. County of Mclean, 953 F.2d 1070 72-73 (7th Cir 1992).

## II

> Plaintiff has an intelligence quotient of a nine year old child and is incapable of prosecuting this case before this Honorable Court and has been represented thus far by jail house lawyer. The one law clerk that is assigned to the law library is usually busy trying to assist the entire line. At times I have no one to help me and must sekk help from anyone who will help me .

While Plaintiff's Civil Rights Complaint filed in this Court thus far might have demonstrated that he is knowledgeable of Section 1983, Plaintiff's Civil Rights Complaint was drafted by a jail house lawyer who is soon to be released and will no longer be able to assist Plaintiff in responding to any of the Defendants motions. Plaintiff has absolutely no formal education, see attached hereto as "A", Plaintiff has no legal skills or knowledge with which he could meaningfully prosecute this cause on his own, The factual and legal issues involved in this case are unusually complex, especially in light of Plaintiff's limited education.

The claims advanced by Plaintiff in connection with the above entitled cause is meritorious and definately requires the skills and knowledge of a trained professional to effectively prosecute the claim before this Honorable Court.

Certainly, the ends of Justice would best be served in this case where both sides were represented by counsel rained in the areas of law, so as to bring to bare the

2

the skills and knowledge that would render these proceedings a reliable testing process.

Wherefore, Plaintiff, via a jail house lawyer, respectfully request this Honorable Court to enter an order appointing Counsel to represent the Plaintiff.

*Tony Scott*

Tony Scott
Reg. No N-92280
R.R. #4 Box 196
Mount Sterling Il 62353

# STUDENT ENROLLMENT FORM

Offender Name: Scott, Tony    ID# N92280    Unit 3-D-50

Anticipated Effective Date: 5-15-06    (ABE) / Pre-GED / GED / CUST. MAIN. / SPED    (Mandatory) / Volunteer

You have requested or are mandated to be enrolled in the School District #428 School Program. Per Administrative Directive Guideline, you will be assigned when your name comes to the top of the list. Upon your enrollment into school, your present

Current Job Assignment: Unassigned    Shift: ___    Race: B

TABE Score: Date 3-21-05   Reading 5.4   Math 3.9   Average 4.7   Level ___

Projected Release Date: 5-17-07    Previously Enrolled at WICC?   Yes  (No)

Date of Birth: 6-26-61   Age 44    Supervision Level: Low    Chapter 1?   Yes  (No)

Previous Attendance: _____    Eligible for EGCC?   Yes  (No)
                     Present       Absent

| Instructor | Time | Second Floor Room # |
|---|---|---|
| Busen | 7:45 a.m. – 9:45 a.m. | 221 |
| Penington | 7:45 a.m. – 9:45 a.m. | 2 |
| Thomas | 7:45 a.m. – 9:45 a.m. | 3B |
| Wood | 7:45 a.m. – 9:45 a.m. | 4 |
| Murphy | 7:45 a.m. – 9:45 a.m. | 8 |
| (Busen) | (10:00 a.m. – 12:00 p.m) | (221) |
| Penington | 10:00 a.m. – 12:00 p.m | 2 |
| Thomas | 10:00 a.m. – 12:00 p.m | 3B |
| Wood | 10:00 a.m. – 12:00 p.m | 4 |
| Murphy | 10:00 a.m. – 12:00 p.m | 8 |
| Busen | 1:00 p.m. – 3:00 p.m. | 221 |
| Thomas | 1:00 p.m. – 3:00 p.m. | 3B |
| Wood | 1:00 p.m. – 3:00 p.m | 4 |
| Murphy | 1:00 p.m. – 3:00 p.m | 8 |

### PreGED

| Instructor | Time | Room # |
|---|---|---|
| Johnson | 7:45 a.m. – 9:45 a.m. | 6 |
| Pollock | 7:45 a.m. – 9:45 a.m. | 7 |
| Johnson | 10:00 a.m. – 12:00 p.m. | 6 |
| Pollock | 10:00 a.m. – 12:00 p.m. | 7 |
| Johnson | 1:00 p.m. – 3:00 pm | 6 |
| Penington | 1:00 p.m. – 3:00 pm | 4 |
| Pollock | 1:00 p.m. – 3:00 pm | 7 |

### GED

| Instructor | Time | Room # |
|---|---|---|
| Paisley | 7:45 a.m. – 9:45 a.m. | 5 |
| Paisley | 10:00 a.m. – 12:00 p.m | 5 |
| Paisley | 1:00 p.m. – 3:00 p.m. | 5 |

### Vocational

| Instructor | Time | Room |
|---|---|---|
| Hadden | 8:30 a.m. – 3:00 p.m. | 1st Floor Room Hort./Bldg. Maint. |

_____    5-9-06
Educational Facility Assignment Coordinator    Date of Signature

IN THE
United States District Court
Central District of Illinois

Tony Scott
Plaintiff,

v.

Dr. Lowell Brown, et al.,
Defendant

Case No. 3:06-CV-03144

**PROOF/CERTIFICATE OF SERVICE**

TO: Clerk of the Court
Office of the Clerk
151 U.S. Courthouse
600 East Monroe Street
Springfield, Illinois 62701

TO: State's Attorney's Office
151 U.S. Courthouse
600 East Monroe Street
Springfield, Illinois 62701

PLEASE TAKE NOTICE that on 9/9/ , 2006, I have placed the documents listed below in the institutional mail at Western Ill Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: R.R. #4 Box 196
Mt. Sterling Ill 62353

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 9/9/06

/s/ Tony Scott
NAME: Tony Scott
IDOC#: N-92230
Western Ill Correctional Center
R.R.#4 BOX 196
Mt. Sterling , IL 62353

Revised Jan 2002