IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TONY SCOTT, #N92280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - vs- | ) | No. 06-3144 |
| | ) | |
| DR. LOWELL BROWN, OFFICER HENDRICKS, NURSE O'CONNER, DEBORAH K. FUQUA, TERRY L. POLK, ROGER A. ZIMMERMAN, and ROGER WALKER, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

NOW COME the Defendants, DEBORAH K. FUQUA, KAROLYN HENDRICKS, TERRY POLK, ROGER E. WALKER, and ROGER ZIMMERMAN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, to answer Plaintiff's complaint as follows:

### Statement of Claim

1. I arrived at Western Correction Center in the beginning of March 2005 and my medical records followed me as well as my court records stating about my heart condition.

Response: Defendants admit that Plaintiff arrived at Western Illinois Correctional Center on March 4, 2005 and admit that his DOC medical records were also transferred to Western Illinois Correctional Center but lack sufficient personal knowledge as to the remaining allegations.

1

2. In March 2005 I had a doctor's appointment because they knew about my heart condition history that was sent along with my files from my court records as well as my medical records.

Response: Defendants admit that Plaintiff saw the doctor in the Health Care Unit in March 2005 but lack sufficient personal knowledge to admit or deny the remaining allegations.

3. I then showed Dr. Brown my cardiac cauterization report from Cook County hospital as well as a report from Cermak Health Service from Cook County.

Response: Defendants lack sufficient personal knowledge to admit or deny this allegation.

4. I then informed Dr. Brown that Dr. El Khadra who done the cauterization on me and Dr. El Khadra testified in court about my heart condition.

Response: Defendants lack sufficient personal knowledge to admit or deny this allegation.

5. Dr. El Khadra testified that I have two options, either medical therapy to try to treat the cholesterol the other option Anglitlasty and will be surgery.

Response: Defendants lack sufficient personal knowledge to admit or deny this allegation.

6. I chose to be treated by medical therapy medication at the time.

Response: Defendants lack sufficient personal knowledge to admit or deny this allegation.

7. I am still experiencing numbness on my left side on and off, shortness of breathe sometimes and fatigue all the time as of today which is 5/6/06 do to inadequate treatment.

Response: Defendants deny that Plaintiff has received inadequate medical treatment while incarcerated. Defendants lack sufficient personal knowledge to admit or deny the remaining allegations.

8. I have a history of coronary artery disease, and in need of surgery as of now.

Response: Defendants lack sufficient personal knowledge to admit or deny this allegation.

9. I had two options, either medical therapy "medications" or "surgery."

Response: Defendants lack sufficient personal knowledge to admit or deny this allegation.

10. But I went with the medications for right now, until I get out.

Response: Defendants lack sufficient personal knowledge to admit or deny this allegation.

11. I am attaching a copy of what my doctor testified in court regarding my condition. Dr. Maan El Khardra, from Cook County Hospital.

Response: Defendants admit that Plaintiff has attached to his complaint a copy of what purports to be a doctor's in court testimony about Plaintiff's medical condition.

12. I am still having numbness in my left arm and shortness of breathe, the shortness of breathe come as goes, but the numbness on my left side stays most of the time.

Response:    Defendants lack sufficient personal knowledge to admit or deny these allegations.

13.    I have made Dr. Brown aware of my numbness but he still refuse to give me the right medication I need.

Response:    Defendants deny that Dr. Brown refuses to give Plaintiff the right medication he needs.  Defendants lack sufficient personal knowledge to admit or deny the remaining allegation.

14.    I appealed my grievances to the Administrative Review Boards, P.O. Box 19277, Springfield, IL but they have not responded yet.  It has now been 9 months later and I still have not gotten a response.

Response:    Defendants lack sufficient personal knowledge to admit or deny these allegations.

### Nurse Connor

15.    Nurse Connor knows all about my heart condition.  On 6/05/05, I went to the med line to get my aspirins because I didn't have anymore.  Nurse Connor refuses to give them to me.  I then informed Nurse Conner that I have a heart problem and I take a aspirin once a day, and I told nurse Conner that I have been taking Nitro pills but she still refuse to give me my aspirin.

Response:    Defendants lack sufficient personal knowledge to admit or deny these allegations.

16.    On 8/17/05, I went to med line to get a refill of my Nitro pills.  I informed Nurse Conner that I have two nitro pills left.  Nurse Conner refuses to put me in for a

refill of my nitro pills. I had to go without my nitro pills for two weeks. I feel that was unfair because Nurse Conner knows about my heart condition.

Response:   Defendants lack sufficient personal knowledge to admit or deny these allegations.

### Officer Hendricks

17.   Officer Hendricks refuses to get me a Lieutenant or Captain. I then informed Officer Hendricks that I had no more nitro pills and I have a heart problem. Officer Hendricks reply was "evidently you must don't need them that's why you don't have them anymore." I asked Officer Hendricks her name and she kept walking. I then kept pushing my button for help because I was having severe chest pain, but no one came.

Response:   Defendants lack sufficient personal knowledge and/or recollection to admit or deny these allegations.

### Deborah K. Fuqua, R.N. CCHP

18.   Health Care Administrator. Ms. Fuqua knows all about my heart condition, I had made Ms. Fuqua aware of this problem when Dr. Brown first discontinued the following cardiac medications, Plavix, Zocor, Nitroglycerin and Isosbride. I have informed Ms. Fuqua several times about this problem I am having with Dr. Brown about my medication for my heart condition. Ms. Fuqua continued to turn a blind eye to the problem I'm having under her staff here at this facility.

Response:   Defendants admit that Defendant Fuqua is aware that Plaintiff has a heart condition. Defendants admit that Plaintiff informed Defendant Fuqua about his disagreement with Dr. Brown about his medications. Defendants deny that Defendant

Fuqua turned a blind eye to Plaintiff's problems. Defendants lack sufficient personal knowledge to admit or deny the remaining allegations.

19.  It is now 2/21/06, and I am still having problems with my condition and informed Ms. Fuqua refuse to do anything about my heart condition. I was sent out to the hospital and I saw Dr. Troy. Dr. Troy could not do anything because he did not have the right paper work. I then informed Ms. Fuqua about that problem; she stated you will have to go back. It is now 3/2/06 and I have-not been back yet. I then informed Ms. Fuqua my condition has gotten worse, because I am having numbness in my left arm ever day all day, sometimes shortness of breathe and pain on my left side. Ms. Fuqua refuses to do anything about my heart problem. That's not fair, because Ms. Fuqua is aware of my heart condition because she seen my cardiac report from Cook County Hospital.

Response:    Defendants admit that Defendant Fuqua is the Health Care Administrator at Western Illinois Correctional Center. Defendants admit that Defendant Fuqua is aware of Plaintiff's heart condition, and that she has seen his cardiac report from Cook County Hospital, but deny that she refuses to do anything about Plaintiff's heart problem. Defendants admit that Plaintiff told Defendant Fuqua that his condition had worsened. Defendants lack sufficient personal knowledge to admit or deny the remaining allegations.

## **Warden Terry L. Polk**

20.  Warden Polk knows all about my heart condition, because I have informed Warden Polk several times by writing him and talking with him about my heart condition and the problem I am having with Dr. Brown and Deborah K. Fuqua, the

Health Care Administrator about my heart problem and my medication. Warden Polk refuses to do anything about it and turn a blind eye to the situation that I am having here at this facility.

Response: Defendants admit that Plaintiff wrote to Defendant Polk informing him of his heart condition and the disagreements he is having with Dr. Brown regarding his medications. Defendants deny that Warden Polk refuses to do anything about it and deny that he turned a blind eye to the situation.

21. My common law wife Marilyn Johnson who I have been with for 27 years has wrote to Warden Polk about my condition several times, but Warden Polk was giving her the run around and was not dealing with the problem at hand. Warden Polk denied all my grievances.

Response: Defendants admit that Marilyn Johnson wrote to Defendant Polk about Plaintiff's heart condition. Defendants deny that Defendant Polk gave her the run around and did not deal with the problem at hand. Defendants deny that Defendant Polk denied all of Plaintiff's grievances but admit that Defendant Polk concurred with a grievance officer's denial of some of Plaintiff's grievances.

### Roger E. Walker, Director

22. Defendants deny that Defendant Walker is aware of Plaintiff's heart condition. Defendants lack sufficient personal knowledge as to whether Marilyn Johnson wrote to Defendant Walker several times.

### Relief Requested

23. Defendants deny that Plaintiff is entitled to any of the requested relief.

**Affirmative Defenses**

Further answering, by way of affirmative defense, Defendants submit the following:

1. At all times relevant herein, Defendants acted in good faith in the performance of their official duties, without violating Plaintiff's clearly established statutory or constitutional rights. Defendants are protected by the doctrine of qualified immunity.

        Respectfully submitted,

        DEBORAH K. FUQUA, KAROLYN HENDRICKS, TERRY POLK, ROGER E. WALKER, and ROGER ZIMMERMAN,

        Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois

By:  s/ Lindsay Sweet
      Lindsay Sweet, #6287510
      Assistant Attorney General
      Attorney for Defendants
      500 South Second Street
      Springfield, Illinois 62706
      Telephone: (217) 782-9026
      Facsimile: (217) 524-5091
      E-Mail: lsweet@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TONY SCOTT, #N92280, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - vs- ) | No. 06-3144 |
| ) | |
| DR. LOWELL BROWN, OFFICER ) | |
| HENDRICKS, NURSE O'CONNER, ) | |
| DEBORAH K. FUQUA, TERRY L. POLK, ) | |
| ROGER A. ZIMMERMAN, and ROGER ) | |
| WALKER, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2006, I electronically filed Defendants' Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on October 26, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Tony Scott, #N92280
Western Illinois Correctional Center
Rural Route 4, Box 196
Mt. Sterling, Illinois  62353

Respectfully Submitted,
 s/ Lindsay Sweet
Lindsay Sweet, #6287510
Assistant Attorney General
Attorney for the Defendants
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  lsweet@atg.state.il.us