UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TONY SCOTT,

    Plaintiff,

v.                                                                                                          06-3144

DR. LOWELL BROWN et al.,

    Defendants.

### Case Management Order #1 (Merit Review)

A status conference was held December 5, 2006, by video conference. The plaintiff appeared pro se, and the defendants appeared through their respective counsel. The court asked the plaintiff some questions about the treatment he has been receiving. A transcript of the hearing will be filed.

The plaintiff has filed a motion for appointment of counsel (d/e 29). Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell*, 129 F.3d at 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes*, 64 F.3d at 288. "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

The case may become complex, depending on what develops in discovery--it involves the plaintiff's medical treatment for coronary artery disease. However, the plaintiff appears able to proceed pro se at this point. His primary claim is that the prison has discontinued medications he needs that were prescribed before he was incarcerated. He already has the documentation to show what medications were prescribed, and he can state personally what medications he is receiving, what treatment he has requested and received, and the symptoms he is experiencing. Perhaps more importantly, though, the record in its current state does not suggest that appointed counsel would make a difference in the outcome. An inference certainly arises that the plaintiff has a serious medical condition. That much is clear from the Complaint and from the plaintiff's testimony at the hearing (he said he has had heart attacks and a stroke in the past). However,

whether the defendants are being deliberately indifferent to that need is another question. The plaintiff testified that he has access to the health care unit, saw Dr. Brown last week, is receiving three medications (though not the ones prescribed by the previous doctors), and has been taken to see an outside cardiologist. On the current state of the record, the court does not believe a request for counsel is warranted.

IT IS THEREFORE ORDERED:

1) The court reporter is directed to prepare and file a transcript of the December 5, 2006 hearing.

2) By January 31, 2007, the defendants are directed to file a copy of the plaintiff's medical records from the date of the plaintiff's incarceration in 2005 to the present.

3) The plaintiff's motion for appointment of counsel is denied, with leave to renew (d/e 29).

4) The plaintiff's motion for an extension to file a response to the defendants' Answer is denied as unnecessary (d/e 30). The Answer only stakes out the defendants' positions. The merits of those positions are decided later, on motion or at trial.

5) Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by February 28, 2007.

6) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by March 30, 2007.

7) All discovery closes April 30, 2007. The plaintiff's incarceration limits him to written discovery. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests are not filed with the court, unless there is a dispute regarding such discovery. *See* CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

8) Dispositive motions are due May 31, 2007.

9) A final pretrial conference is scheduled for September 4, 2007 at 9:30 a.m. by telephone conference.

10) A jury trial is sheduled for October 1, 2007, at 9:00 a.m., by personal appearance before the Court at 201 South Vine, Urbana, Illinois.

Entered this <u>12th</u> Day of <u>December</u>, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE