E-FILED
Wednesday, 17 January, 2007 10:08:14 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**FILED**

JAN 1 6 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TONY SCOTT
    **plaintiff**,

**V.**

3:06-CV-3144

DR. LOWELL BROWN; OFFICER HENDRICKS;
NURSE O'CONNOR; DEBORAH K. FUQUA; TERRY L.
POLK; ROGER A. ZIMMERMAN; and ROGER WALKER, JR.
    **defendants**

### PLAINTIFF'S RESPONSE TO DEFENDANTS
### MOTION FOR SUMMARY JUDGEMENT

PLAINTIFF SUBMITS THIS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT,

BECAUSE DEFENDANTS' HAVE FAILED TO MEET THEIR BURDEN OF DEMONSTRATING THAT

THERE IS NO DISPUTE AS TO ANY MATERIAL FACT. AND BECAUSE THE FACTS SET FORTH IN

PLAINTIFF'S STATEMENT OF MATERIAL FACT AND THE ATTACHED EVIDENCE SHOW THAT

DEFENDANTS' VIOLATED HERE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS, THIS COURT

SHOULD DENY DEFENDANTS' MOTION.

### I. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

DEFENDANTS ARGUE THAT THE DOCTRINE OF QUALIFIED IMMUNITY SHIELD THEM FROM

LIABILITY FOR THEIR DECISION TO SUBJECT TO DELIBERATE INDIFFERENCE TO THE PLAINTIFFS

SERIOUS MEDICAL NEED UNDER THE EIGHTH AMENDMENT. AS THE SUPREME COURT HAS

EXPLAINED, "QUALIFIED IMMUNITY SEEKS TO ENSURE THAT DEFENDANTS REASONABLELY

CAN ANTICIPATE WHEN THEIR CONDUCT MAY GIVE RISE TO LIABILITY, BY ATTACHING

LIABILITY ONLY [t] HE CONTOURS OF THE RIGHT [VIOLATED ARE] SUFFICIENTLY CLEAR THAT A

REASONABLE OFFICAL WOULD UNDERSTAND THAT WHAT HE IS DOING VIOLATED THAT

RIGHT" UNITED **STATES V. LANIER, 520 U.S.259, 270 (1997)**. THIS IS NOT TO SAY THAT AN

OFFICAL ACTION IS PROTECTED BY QUALIFIED IMMUNITY UNLESS THE VERY ACTION IN

QUESTION HAS BEEN HELD UNLAWFUL; BUT IT IS TO SAY THAT IN THE LIGHT OF PRE-EXISTING

LAW THE UNLAWFULNESS MUST BE APPARENT. **ANDERSON V. CREIGHTON. 483 U.S. 635, 640**

**(1987).** HERE, IT WAS APPARENT BY JUNE 5, 2005 THAT THE EIGHTH AMENDMENT PROHIBITED

DEFENDANTS FROM SUBJECTING THE PLAINTIFF TO ADEQUATE MEDICAL TREATMENT, BY

**NURSE O'CONNOR** REFUSING TO GIVE ME MY MEDICATIONS, WHEN NURSE O'CONNOR KNOWS

ABOUT MY HEART CONDITION, ALSO, WHEN **DR. BROWN** REFUSE TO GIVE ME THE RIGHT

MEDICATION I NEED FOR MY HEART CONDITION, WHICH IS <u>ISOSBRIDE, ZOCOR</u> AND <u>PLAVIX</u>.

WHEN **DR. BROWN** DISCONTINUED THE ABOVE MEDICATIONS ON 7/20/05 WHICH IS STATED IN

THE COMPLAINT. THE SUPREME COURT HAS HELD THAT THE EIGHTH AMENDMENT

PROSCRIPTION AGAINST CRUEL AND UNUSUAL PUNISHMENT DOES NOT PERMIT PRISON

PERSONNEL TO SUBJECT AN INMATE TO "ACTS OF OMISSION SUFFICIENTLY HARMFUL TO

EVIDENCE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS." **ESTELLE V. GAMBLE, 429**

**U.S. AT 106, 97 S.CT.AT 292**. HOWEVER, [A] N INMATE MUST RELY ON PRISON AUTHORITIES TO

TREAT HIS MEDICAL NEED; IF THE AUTHORITIES FAIL TO DO SO, THOSE NEEDS WILL NOT BE

MET. **ESTELLE, 429 U.S. AT 103, 97 S.CT.AT 290**. THUS THE STATE HAS A CONSTITUTIONAL

OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE TO THOSE WHOM IT HAS INCACERATED.

SEE, **WEST V. ATKINS, 487 U.S. AT--, 108 S.CT. AT 2258**. ACCORDINGLY, "DELIBERATE

INDIFFERENCE TO A PRISONER'S SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION

UNDER 1983". **ESTELLE, 429 U.S. AT 105, 97 S.CT. AT 291**. I'VE INFORMED **DEBORAH K. FUQUA**

ABOUT **DR. BROWN** WRONG DOING, AND **DEBORAH K. FUQUA** DID NOTHING ABOUT IT. I THEN

MADE **TERRY L. POLK**, **ROGER A. ZIMMERMAN** AND **ROGER WALKER** AWARE OF THE

SITUATION WAY BEFORE MAKING THIS CLAIM. SO THEY WERE FULLY AWARE OF THE

PROBLEM I WAS HAVING WITH THIS HEALTH CARE STAFF ABOUT MY HEART PROBLEM. I'VE

WROTE TO **POLK, ZIMMERMAN** AND **WALKER**. ALSO, MY WIFE HAVE WROTE TO THEM AS

WELL, AND ALSO TO **MS. FUQUA** AS WELL (YOU CAN FIND LETTERS THAT WAS WRITTEN TO

THEM IN THE COMPLAINT AS **EXHIBITS**. YOU WILL FIND THE LETTER IN **EXHIBITS H-I**, THAT

WAS WRITTEN TO THEM. BUT THEY STILL IGNORED MY SERIOUS MEDICAL NEED

THE SUPREME COURT HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED FOR

MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE THAT CARE CONSTITUTE

DELIBERATE INDIFFERENCE. SEE CARWELL V. BAY COUNTY 854 F.2D 454, 457. A SERIOUS

MEDICAL CONDITION IS ONE THAT HAS BEEN DIAGNOSED BY A PHYSICIAN AS MANDATING

TREATMENT OR ONE THAT IS SO OBVIOUS THAT EVEN A LAY PERSON WOULD PERCEIVE THE

NEED FOR A DOCTOR'S ATTENTION. "GREENO V. DALEY, 414 F.3D 645, 653 (7TH CIR. 2005). AN

OBJECTIVELY SERIOUS CONDITION ALSO PRESENTS ITSELF IF "FAILURE TO TREAT (IT)

COULD RESULT IN FURTHER SIGNIFICANT INJURY OR UNNECESSARY AND WANTON

INFLICITON OF PAIN. "REED V. MCBRIDE, 178 F.3D 849, 852 (7TH CIR. 1999), QUOTING

GUTIERREZ V. PETERS, III F.3D 1364, 1373 (7TH CIR 1997).

BY DR. BROWN REFUSE TO GIVE ME THE RIGHT MEDICINE FOR MY HEART CONDITION, WHICH

CAUSE ME DISCOMFORT, I STARTED HAVING NUMBNESS IN MY LEFT ARM AND SHORTNESS OF

BREATHE AND TINGLING IN MY FINGER TIPS, I WENT TO SEE DR. BROWN AND I INFORMED HIM

THE PROBLEM I AM HAVING "ALL DR. BROWN DID WAS GIVE ME A LOW BUNK PERMIT ON

7/13/06, AND DR. BROWN TOLD ME TO TAKE MORE NITRO PILLS IF NEED IT". I INFORMED DR.

BROWN THAT I WAS TAKING 2 AND SOMETIMES 3 NITRO PILLS, DR. BROWN SAID THAT IF YOU

NEED MORE TAKE MORE. NOW I KNOW THAT'S NOT RIGHT, BUT WHAT CAN I DO. IT WAS HARD

FOR ME TO SLEEP SOMETIMES, SO NOW I WAS TAKING 3-5 NITRO PILLS A DAY DO TO THE

DISCOMFORT I WAS HAVING. I AM ATTACHING NEW EXHIBITS WHICH WILL SHOW THE DATES

I GOT NEW NITRO PILLS.

7-11-06 / 7-24-06 / 8-01-06 / 8-24-06 /  9-02-06 / 9-20-06 / 10-01-06 / 10-14-09 / 10-26-06 / 11-07-06 /

11-26-06 AND 12/08/06. AS OF TODAY DR. BROWN STILL REFUSES TO GIVE ME THE RIGHT

MEDICATION FOR MY HEART CONDITION. NOW OFFICER HENDRICKS REFUSES TO GET ME A

LIEUTENANT OR CAPTAIN AT THE TIME I NEEDED MEDICAL ATTENTION BECAUSE I WAS

HAVING CHEST PAIN. I THEN INFORMED OFFICER HENDRICKS THAT I HAD NO MORE NITRO

PILLS AND I HAVE A HEART PROBLEM. OFFICER HENDRICKS REPLY WAS "EVIDENTLY YOU MUST

DON'T NEED THEM THAT'S WHY YOU DON'T HAVE THEM ANYMORE." I ASKED OFFICER

**HENDRICKS** HER NAME AND SHE KEPT WALKING. I THEN KEEP PUSHING MY BUTTON FOR HELP

BECAUSE I WAS HAVING SEVERE CHEST PAIN. BUT NO ONE CAME. DO TO OFFICER **HENDRICKS**

DELIBERATE INDIFFERENCE AFTER I HAD TOLD HER ABOUT MY SERIOUS MEDICAL NEED FOR

HELP. SHE KEPT WALKING IN RESULT OF OFFICER **HENDRICKS** CONDUCT I HAD TO GO TO THE

HOSPITAL. AS YOU REVIEW THE "**EXHIBITS**" **B** YOU WILL FIND HOSPITAL REPORT. YOU CAN

ALSO LOOK AT **EXHIBIT G-6** STATEMENT FROM   WITNESS OF ME ASKING OFFICER **HENDRICKS**

FOR HELP. CONSTITUTION REQUIRES JAIL AND PRISON OFFICIALS TO PROVIDE TREATMENT TO

INMATES WITH SERIOUS MEDICAL NEED. THE SUPREME COURT WROTE THAT THE

CONSTITUTIN PROHIBITS OFFICALS FROM "INTENTIONALLY DENYING OR DELAYING ACCESS TO

MEDICAL CARE OR INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED".

**ESTELLE. 429 U.S. AT 104-05. LANCASTER V. MONROE COUNTY, 116 F.3D 1419, 1425 (11TH CIR**

**1997)**. ("|A| N OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE INTENTIONALLY

DELAYS PROVIDING AN INMATE WITH ACCESS TO MEDICAL TREATMENT, KNOWING THAT THE

INMATE HAS A LIFE THREATENING CONDITION ORAN URGENT MEDICAL CONDITION THAT

WOULD BE EXACERBATED BY DELAY"). **LEWIS V. WELLENSTEIN  769 F. 2D1173, 1183 (7TH CIR.**

**1985** 10 TO 15 MINUTE DELAY IN RESPONDING TO INMATE HAVING HEART ATTACH SHOWED

DELIBERATE INDIFFERENCE); **WASHINGTON V. DUGGER, 860, 860 F.2D 1018, 1021 (11TH CIR.**

**1988)**. (DELAY IN PROVIDING TREATMENT THAT ELIMINATED PAIN AND SUFFERING AT LEAST

TEMPORARILY COULD VIOLATE THE CONSTITUTION); DELIBERATE INDIFFERENCE TO A SERIOUS

INJURY OR MEDICAL NEED VIOLATES PRISONERS RIGHTS UNDER THE EIGHTH AMENDMENT TO

BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. **CHAPMAN V. KELTNER, 241 F.3D 842, 845**

**(7TH CIR. 2001); WYNN V. SOUTHWARD, 251 f.3D 588, 593 (7TH CIR. 2001)**, CITING **ESTELLE V.**

**GAMBLE, 429 U.S. 153, 182-83 (1976)**. THE INJURY OR NEED MUST BE OBJECTIVELY SERIOUS, AND

THE OFFICAL MUST PERSONALLY KNOW OF THE RISK AND CONSCIOUSLY DISREGARD IT.  SEE

**HENDERSON V. SHEAHAN, 196 F.3D 839, 845 (7TH CIR. 1997); WYNN V. SOUTHWARD, 251 F.3D**

**AT 593 Z (2001)**.  FUQUA, POLK, ZIMMERMAN AND WALKER CONTINUED TO TURN A BLIND EYE

TO DR. BROWN WRONG DOING WHEN I MADE THEM AWARE SEVERAL TIMES ABOUT MY HEART

CONDITION. AND AS OF NOW FUQUA, ZIMMERMAN AND WALKER ARE CONTINUING TO TURN

A BLIND EYE TO THE INADEQUATE MEDICAL CARE TREATMENT THAT I AM GETTING BY DR.

BROWN. WHEN THEY ARE FULLY AWARE OF MY SERIOUS MEDICAL NEED. AN INDIVIDUAL IS

LIABLE UNDER { 1983 ONLY IF HE OR SHE WAS "PERSONALLY RESPONSIBLE FOR THE

DEPRIVATION OF A CONSTITUTIONAL RIGHT. **"SANVILLE V. McCAUGHTRY, 266 F.3D 724, 739**

**(7TH CIR. 2001).** PERSONAL RESPONSIBILITY MEANS PARTICIPATING DIRECTLY IN THE

CONSTITUTIONAL VIOLATION OR DIRECTING THE UNCONSTITUTIONAL CONDUCT. A

DEFENDANT MY ALSO BE PERSONALLY RESPONSIBLE IF THE "CONDUCT OCCURRED WITH HIS

KNOWLEDGE OR CONSENT." **SANVILLE, 266 F 3D AT 739, CITING CHAVEZ, 251 F.3D AT 652**. I

ALSO, WROTE A LETTER TO LISA MADIGAN ATTORNEY GENERAL.

### II. DEFENDENTS ARE NOT ENTITLED TO RELIEF UNDER 42 U.S.C. } 1997 (E).

DEFENDANTS **FUQUA, POLK, ZIMMERMAN, HENDRICKS** AND **WALKER** ALSO, ARGUE THAT

THEY LACK SUFFICIENT PERSONAL KNOWLEDGE OF THE PLAINTIFF. ALLEGATIONS ABOUT HIS

HEART CONDITION AND THE REMAINING ALLEGATIONS. IF YOU REVIEW THE DEFENDANTS

ANSWER OF THE PLAINTIFFS SERIOUS MEDICAL CONDITION. BUT TURN RIGHT AROUND AND

SAY, "THAT THEY HAVE LACK OF SUFFICIENT PERSONAL KNOWLEDGE OF MY HEART

CONDITION, AND ALSO DEFENDANTS ARGUE THAT THE PLAINTIFFS NOT ENTITLED TO RECEIVE

DAMAGES UNDER 42 U.S.C. } 1997 (E) THIS PLAINLY INCORRECT. AS THE PLAINTIFF

DECLARATION AND MEDICAL RECORDS SHOW, THAT THE PLAINTIFF HAVE NOT RECEIVED THE

FOLLOWING MEDICATIONS; PLAVIX, ZOCOR AND ISOSBRIDE BECAUSE DR. BROWN STILL

REFUSE TO ORDER THE MEDICATION, AND TO ORDER THE PLAINTIFF HEART MEDICATION. AS

OF TODAY THE PLAINTIFFS IS NOT RECEIVING THE RIGHT MEDICATION. I AM ATTACHING NEW

MEDICATION RECORDS TO SHOW THAT DR. BROWN HAVE NOT YET REORDERED THE

FOLLOWING MEDICATION; ISOSBRIDE, ZOCOR AND PLAVIX. **FUQUA, ZIMMERMAN** AND

**WALKER** CONTINUED TO DO NOTHING ABOUT IT. I AM ALSO ATTACHING NEW PROGRESS

NOTES AS WELL AS GRIEVANCES THAT WAS SENT TO SPRINGFIELD 6 MONTHS AGO AND

HAVEN'T RECEIVED A RESPOND. IT'S BEEN OVER THE TIME LIMIT. NOW DR. BROWN AND TERESA O'CONNER, R.N. ARGUE THAT THE PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES, AND NOT ENTITLED TO DAMAGES. THIS IS PLAINLY INCORRECT. AS THE **"EXHIBITS"** H-8-H-9 SHOW THAT I HAVE WROTE TO THE ADMINSTRATIVE REVIEW BOARD DIRECTOR, ASKING ABOUT THE RESPONSE OF MY GRIEVANCES AND ALSO H-2-7-8-9, THE RESPONSE FROM THE DIR. MELODY FORD WILL SHOW ASKING ABOUT MY RESPONSE.

### OFFICER HENDRICKS

OFFICER HENDRICKS SAID THAT SHE LACK SUFFICENT PERSONAL KNOWLEDGE AND/OR RECOLLECTION TO ADMIT OR DENY THESE ALLEGATIONS. IF YOU REVIEW THE **"EXHIBIT"** G-6, YOU WILL SEE AFFIDAVIT FROM WITNESS OF ME ASKING OFFICER HENDRICKS FOR HELP AND THEN SHE KEPT WALKING, AND ME ASKING OFFICER HENDRICKS HER NAME.

### DEBORAH K. FUQUA

DEFENDANT FUQUA DENY THAT SHE TURNED A BLIND EYE TO PLAINTIFF PROBLEM AND LACK SUFFICIENT PERSONAL KNOWLEDGE TO ADMIT OR DENY THE REMAINING ALLEGATIONS. IF YOU REVIEW THE RESPONSE TO OFFENDER GRIEVANCES YOU WILL SEE FUQUA IS AWARE OF MY HEART CONDITION, BECAUSE I HAVE FILED SEVERAL GRIEVANCES ABOUT MY MEDICAL CONDITION AND IT GO TO FUQUA FOR FACTS REVIEWED, AND IN FUQUA'S RESPONSE, MS. FUQUA ADMIT THAT SHE KNOWS ALL ABOUT MY HEART CONDITION. DEFENDANTS ADMIT THAT PLAINTIFF INFORMED DEFENDANT FUQUA ABOUT HIS DISAGREEMENT WITH DR. BROWN ABOUT HIS MEDICATIONS. DEFENDANTS DENY THAT DEFENDANT FUQUA TURNED A BLIND EYE TO PLAINTIFF PROBLEM. DEFENDANTS LACK SUFFICIENT PERSONAL KNOWLEDGE. NOW THE DEFENDANTS SAY THAT THEY HAVE NO KNOWLEDGE OF MY HEART CONDITION, IF YOU REVIEW THE RESPONSE LINE #18, YOU WILL SEE THE DEFENDANTS ADMIT THAT THE PLAINTIFF INFORMED DEFENDANT FUQUA ABOUT THE DISAGREEMENT WITH DR. BROWN AND ABOUT HIS HEART CONDITION. NOW THE DEFENDANTS ADMIT THAT FUQUA IS AWARE OF PLAINTIFFS

HEART CONDITION, AND THAT SHE SEEN HIS CARDIAC REPORT FROM COOK COUNTY HOSPITAL

AND THE DEFENDANTS ADMIT THAT PLAINTIFF TOLD FUQUA THAT HIS CONDITION HAD

WORSENED. IF THE DEFENDANTS ADMIT TO THAT THE PLAINTIFF INFORMED FUQUA ABOUT

HIS HEART CONDITION AND THAT FUQUA SEEN HIS CARDIAC REPORT FROM COOK COUNTY

HOSPITAL AND THAT THE PLAINTIFF TOLD FUQUA HIS CONDITION HAS WORSENED. THAT

MEAN THE DEFENDANTS WAS AWARE AS WELL AS FUQUA OF THE PLAINTIFF  SERIOUS

MEDICAL NEED FOR HELP. IF YOU REVIEW "**EXHIBITS" H-I** , A LETTER THAT MY WIFE HAVE

WROTE TO THE DEFENDANTS ABOUT HIS HEART CONDITION, AND THE RESPONSE FROM THE

DEFENDANTS, SO THAT MEAN **FUQUA**, **POLK**, **ZIMMERMAN** AND **WALKER** WAS FULLY AWARE

OF MY SERIOUS MEDICAL CONDITION.  SO HOW CAN THE DEFENDANTS SAY THAT THEY HAVE

LACK OF SUFFICIENT PERSONAL KNOWLEDGE ABOUT MY HEART CONDITION WHEN THEY HAVE

ALREADY ADMIT TO IT BY RESPONDING BACK TO THE LETTER THAT WAS SENT TO THEM BY

MY WIFE WHICH IS MARILYN JOHNSON.

## WARDEN TERRY L. POLK

**POLK** ADMIT THAT THE PLAINTIFF WROTE TO HIM AND INFORMED HIM ABOUT THE

DISAGREEMENT WITH DR. BROWN REGARDING HIS MEDICATIONS.  BUT THE DEFENDANTS DENY

THAT WARDEN POLK REFUSES TO DO ANYTHING ABOUT IT AND DENY THAT HE TURNED A

BLIND EYE TO THE SITUATION.  IF POLK DID NOT TURN A BLIND EYE TO MY SERIOUS MEDICAL

NEED FOR MY MEDICATION WHY AM I NOT RECEIVING IT AS OF TODAY.  DEFENDANTS DENY

THAT POLK DENIED ALL OF PLAINTIFFS GRIEVANCES BUT ADMIT THAT POLK CONCURRED

WITH THE GRIEVANCE OFFICERS DENIAL OF SOME OF PLAINTIFFS GRIEVANCES.  THIS IS

PLAINLY INCORRECT, BECAUSE IF POLK CONCURRED WITH THE DENIAL THAT MEAN HE DENIED

IT" BECAUSE WARDEN POLK HAVE THE LAST SAY SO ON ALL GRIEVANCES.  IF YOU REVIEW

"**EXHIBITS**" G-2 TO G-8, YOU WILL SEE THAT POLK DENIED ALL GRIEVANCES WHEN POLK WAS

AWARE OF DR. BROWN AND FUQUA WRONG DOING, SO THAT MEAN THAT POLK TURNED A

BLIND EYE TO MY SERIOUS MEDICAL NEED BY NOT DOING ANYTHING ABOUT IT.

## ROGER E. WALKER, DIRECTOR

DEFENDANTS DENY THAT **WALKER** IS AWARE OF PLAINTIFFS HEART CONDITION.
DEFENDANTS LACK SUFFICIENT PERSONAL KNOWLEDGE AS TO WHETHER MARILYN JOHNSON
WROTE POLK SEVERAL TIMES. IF YOU REVIEW "**EXHIBITS**" H2-4-6  YOU WILL SEE A LETTER TO
DIRECTOR **WALKER** FROM THE PLAINTIFF AND FROM MARILYN JOHNSON, AND IF YOU LOOK
AT "**EXHIBITS**" I-4 WHERE WALKER'S OFFICE RECEIVED LETTER FROM MARILYN JOHNSON AND
FORWARDED FOR APPROPRIATE RESPONSE AND FOLLOW-UP. SO DIRECTOR **WALKER** WAS
FULLY AWARE OF MY SERIOUS MEDICAL NEED BUT DID NOT DO ANYTHING ABOUT IT, BECAUSE
AS OF TODAY I AM NOT GETTING THE RIGHT MEDICATION FOR MY HEART CONDITION.

**WARDEN ROGER A. ZIMMERMAN**

**ZIMMMERMAN** KNOWS ALL ABOUT MY HEART CONDITION BECAUSE I HAVE MADE
**ZIMMERMAN** AWARE SEVERAL TIMES BY TALKING WITH HIM ABOUT **FUQUA** AND **DR. BROWN**
WRONG DOING AND MY WIFE HAVE WROTE TO **ZIMMERMAN** ABOUT MY HEART CONDITION.  IF
YOU REVIEW "**EXHIBIT**" H-10 YOU WILL SEE A LETTER FROM MARILYN JOHNSON WRITING
ABOUT MY HEART CONDITION.  NOW IF YOU REVIEW THE ANSWER FROM THE DEFENDANTS
ATTORNEY YOU WILL SEE THAT THEY DID NOT PUT WARDEN **ZIMMERMAN** RESPONSE IN THERE
LIKE THEY DID THE OTHER DEFENDANTS, YOU CAN ALSO REVIEW THE COMPLAINT AND YOU
WILL SEE THAT I HAVE PUT **ZIMMERMAN** IN THE COMPLAINT.  **ZIMMERMAN** KNOWS ABOUT
MY HEART CONDITION BECAUSE I HAVE FILED SEVERAL GRIEVANCES ABOUT MY HEART
CONDITION AND **ZIMMERMAN** DENIED ALL OF THEM AND CONTINUED TO TURN A BLIND EYE
TO THE SITUATION I AM HAVING WITH **DR. BROWN** AND **MS. FUQUA**.

### III. PLAINTIFFS REQUEST FOR RELIEF IS NOT MOOT.

FINALLY, DEFENDANTS CONTEND THAT PLAINTIFFS REQUEST FOR RELIEF IS MOOT.  THEY HAVE
FAILED, HOWEVER, TO CARRY THEIR "HEAVY BURDEN" OF SHOWING THAT THEY HAVE
CORRECT THE PROBLEM I AM HAVING WITH DR. BROWN AND FUQUA WRONG DOING, AND TO
SEE TO IT THAT I RECEIVE THE FOLLOWING MEDICATION PLAVIX, ZOCOR AND ISOSBRIDE

AND SEE TO IT THAT THE PROBLEM WILL NOT RETURN IF PLAINTIFFS RELIEF CLAIM IS

DISMISSED. IN FACT, AS THE DECLARATIONS FROM THE PLAINTIFF SHOW DEFENDANTS

CONTINUE TO REFUSE TO GIVE ME THE RIGHT MEDICATION I NEED FOR MY HEART CONDITION.

THE PLAINTIFF CONTINUE TO FILE GRIEVANCES ABOUT THE SAME THING, THE PLAINTIFF

HEART CONDITION AND THE DEFENDANTS **FUQUA, ZIMMERMAN** AND **DR. BROWN** STILL

REFUSES TO REORDER THE FOLLOWING MEDICATION **ZOCOR, ISOSBRIDE** AND **PLAVIX**, TO

IMPROVE THE PLAINTIFF CONDITION, BUT INSTEAD THE DEFENDANTS CONTINUED TO TURN A

BLIND EYE TO THE PLAINTIFF HEART CONDITION AND THE PROBLEM WITH **DR. BROWN**. THE

PLAINTIFF TONY SCOTT CONTINUE TO EXPERIENCE MEDICAL PROBLEMS DO TO **DR. BROWN**

STILL REFUSE TO GIVE THE PLAINTIFF **TONY SCOTT** THE RIGHT MEDICATION FOR HIS SERIOUS

MEDICAL NEED. **ESTELLE V. GAMBLE**, 429 U.S. 97, 97 S.CT. 285, 50. THE COURT RECOGANIZED, AS

IT HAS IN **ESTELLE**, THAT THE STATE HAS A CONSTITUTIONAL DUTY TO PROVIDE ADEQUATE

MEDICAL CARE TREATMENT TO ITS PRISON INMATES. AFTER FILING THIS LAWSUIT ON THE

DEFENDANTS I AM BEING HARASSED BY SOME OFFICERS. I HAVE FILED GRIEVANCES ON THE

OFFICERS AND I AM STILL WAITING ON THE RESPONSE BECAUSE THE RELIEF REMAINS

NECESSARY TO CORRECT THIS ON GOING VIOLATION OF THE EIGHTH AMENDMENT, THE

DEFENDANTS MOTION SHOULD BE DENIED.

## CONCLUSION

FOR ALL OF THE ABOVE REASON, DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT SHOULD
BE DENIED.

SINCERELY,

TONY SCOTT
N92280
Western Illinois Correctional Center
R.R. #4, Box 196
Mt. Sterling, IL  62353

[Certificate of Service]

E-FILED
Wednesday, 17 January, 2007  10:08:25 AM
Clerk, U.S. District Court, ILCD

05415-P7904
TMP/ej

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY SCOTT, N-92280,          ) | |
|                               ) | |
|          Plaintiff,           ) | |
|                               ) | |
|     v.                        )  | No. 06-3144-HAB-CHE |
|                               ) | |
| DR. LOWELL BROWN; OFFICER     ) | |
| HENDRICKS; NURSE O'CONNOR;    ) | |
| DEBORAH K. FUQUA; TERRY L. POLK; ) | |
| ROGER A. ZIMMERMAN; and ROGER ) | |
| WALKER, JR.,                  ) | |
|                               ) | |
|          Defendants.          ) | |

### REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME the Defendants, LOWELL BROWN, M.D., and TERESA CONNER, R.N. (improperly referred to as Nurse O'Connor), by their attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to Supreme Court Rule 214, directs Plaintiff, TONY SCOTT, to produce for inspection, copying, reproduction, and photographing at the law offices of HEYL, ROYSTER, VOELKER & ALLEN, Suite 575, National City Center, One North Old State Capitol Plaza, Springfield, Illinois 62701, within twenty-eight (28) days after service of this Request to Produce, or at such other time and place as may be agreed upon by the attorneys for the parties, the following documents, objects or tangible things:

1.      All statements (whether signed or unsigned, written or recorded) of persons having knowledge of the occurrence alleged in the Complaint, the damages claimed, or any other matters alleged in the Complaint.

2.      All other documents containing facts or opinions of persons having knowledge of the occurrence alleged in the Complaint, the damages claimed, or any other matters alleged in the

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7904
TMP/ej

Complaint including, but not limited to, notes or memoranda of conversations, untranscribed tapes, court reporter notes, and correspondence with such persons.

3.      All reports, bills, records, or other documents, medical or otherwise, which indicate the nature and extent of the injuries and damages claimed.

4.      All objects, photographs, videotapes, slides, motion pictures, diagrams, models, samples, drawings, or other things of a tangible nature relating to the matters alleged in the Complaint.

5.      All notes, diaries, or other documents prepared by anyone other than your attorneys pertaining to the incident complained of or the damages claimed.

6.      All reports, notes, books, articles, tests, texts, or other authorities relating to matters alleged in the Complaint.

7.      Execute and return the attached Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information and Authorization for Release of Offender medical Health Information forms.

8.      Please execute the attached Authorization(s) for the medical providers identified within your IDOC medical records and/or within your Complaint, including attachments or exhibits. (If you are aware of additional providers not identified herein, please so note said provider on the included blank Authorization, sign, and return with the other Authorizations.)

You are further requested to furnish at the time and place stated, an affidavit stating that the production is complete in accordance with the request, and if not complete, to list those items not produced, state the grounds for objection to their production, giving the name and address of the person having custody of such items.



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

2

05415-P7904
TMP/ej

LOWELL BROWN, M.D., and TERESA
CONNER, R.N., Defendants,

BY:    *Theresa Powell*

HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

**HEYLROYSTER**
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-P7904
TMP/ej

### **PROOF OF SERVICE**

THE UNDERSIGNED certifies that a copy of the foregoing instrument was served upon the

attorneys of record of all parties to the above cause by enclosing same in an envelope with postage

prepaid, and by depositing said envelope in a United States Post Office mail box in Springfield,

Illinois, on October $30$ , 2006, addressed to such attorneys at their business address as disclosed

by the pleadings of record herein.

BY: *Theresa Powell*

HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

Copies to:

Tony Scott, N-92280
Western Illinois Correctional Center
Inmate Mail/Parcels
R. R. #4, Box 196
Mt. Sterling, IL 62353

Ms. Lindsay Sweet
Illinois Attorney General's Office
500 South Second Street
Springfield, IL 62706



**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3:06-cv-03144-HAB-CHE   # 37-3   Page 1 of 1

05415-P7904
TMP/ej

ILLINOIS DEPARTMENT OF CORRECTIONS

**E-FILED**
Wednesday, 17 January, 2007  10:08:43 AM
Clerk, U.S. District Court, ILCD

## Authorization for Release of Offender Medical Health Information

**This Authorization my not be used for mental health or substance abuse treatment information (use form DOC 0240)**

The Department of Corrections will not condition treatment on this authorization. If authorizing disclosure to persons or organizations that are not health plans, covered health care providers or health care clearinghouses subject to federal health information privacy laws, they may further disclose the protected health information. However, genetic testing or HIV/AIDS information disclosed pursuant to this authorization may not be further disclosed except pursuant to authorization.

I hereby authorize ___Illinois Department of Corrections___ to release
Facility

___any and all information from 2001 to the present___
State specific medical health information to be disclosed including date(s) or date range

[X] At Request of Offender and/or:  ___counsel___      ___Pending litigation___
Purpose of disclosure

from the records of ___N-92280___      ___Tony Scott___
ID#            Print Offender's Name

to:  [ ] Self   [ ] Authorized Attorney   [ ] Health Care Facility   [X] Other: ___Defendant's attorney___

Name:  ___Theresa M. Powell, Heyl, Royster, Voelker & Allen___
Print Name

Address:  ___Suite 575 National City Center___
         ___Springfield___      ___IL___   ___62701___
Street Address        City        State      Zip Code

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. Records disclosed may contain confidential medical information including HIV disease information. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

[ ]   45 days from date of signature

[X]   Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):
      ___conclusion of litigation for Case 06-3144 in the Central District Court of Illinois___

**Signature:**

___Tony Scott N-92280___                              ___1-10-07___
Signature of Offender or Person Authorized to Consent        Relationship        Date

File the signed authorization in the Offender's Medical File
Give Offender a copy if DOC made the request for release.

Distribution:  Offender's Medical File                    Printed on Recycled Paper                    DOC 0241 (Eff. 11/2004)
(Replaces DOC 0109)

TOTAL P.03

Exh. 2

E-FILED
Wednesday, 17 January, 2007  10:08:52 AM
Clerk, U.S. District Court, ILCD

ILLINOIS DEPARTMENT OF CORRECTIONS

## Authorization for Release of Offender Mental Health or Substance Abuse Treatment Information

### This Authorization may not be used for medical health information (use form DOC 0241)

The Department of Corrections will not condition treatment on this authorization. Mental health information disclosed pursuant to this authorization may not be further disclosed except pursuant to authorization from the offender or offender's representative. If this authorization is for psychotherapy notes, it must not be used as an authorization for any other type of protected health information.

I hereby authorize ___Illinois Department of Corrections___ to release
                                                        Facility

**Section A: Mental Health Information (as described below):**

___any and all information___
                    State specific Mental Health Information to be disclosed including date(s) or date range.

_____

**Section B: Substance Abuse Treatment Information (as indicated below):**

If Substance Abuse Treatment records are being authorized, initial all relevant areas below:

| | | | | | |
|---|---|---|---|---|---|
| X | Diagnosis | X | Toxicological Reports/Drug Screens | X | Educational Information |
| X | Evaluation/Assessment | X | Medication Management Information | X | Attendance in Treatment |
| X | Treatment Plan | X | Summary of Treatment Services | X | Treatment Progress Report |
| X | Continuing Care Plan | | Other (specify): _____ | | |

Include date(s) or date range: ___2001 to the present___

☒ At Request of Offender and/or ___counsel___          ___Pending litigation___
                                                              Purpose of disclosure

from the records of ___N-92280___      ___Tony Scott___
                        ID#               Print Offender's Name

to: ☐ Self   ☐ Authorized Attorney   ☐ Health Care Facility   ☒ Other ___Defendant's attorney___

Name: ___Theresa M. Powell, Heyl, Royster, Voelker & Allen,___
                              Print Name

Address: ___Suite 575 National City Center___  ___Springfield___  ___IL___  ___62701___
            Street Address                        City              State    Zip Code

I hereby release and hold harmless, the State of Illinois, the Department of Corrections, and its employees from any liability which may occur as a result of the disclosure or dissemination of the records or information contained therein resulting from the access permitted to the authorized attorney, health care facility, other as specified, or self. I understand that I have the right to revoke this authorization at any time prior to disclosure by giving written notice (witnessed by someone who knows my identity) to the prison Facility Privacy Officer.

**Expiration:** This authorization will expire (complete one):

☐   45 days from date of signature

☒   Upon the occurrence of the following event (must relate to the individual or purpose of the authorization):
    ___conclusion of litigation for Case 06-3144 in the Central District Court of Illinois___

Signature: ___Tony Scott N-92280___                                    ___1-10-07___
            Signature of Offender or Person Authorized to Consent      Relationship      Date

Witness:

___Tony Scott N-92280___          ___1-10-07___
Print Name / Signature            Title / Date

File the signed authorization in the Offender's Medical File
Give Offender a copy if DOC made the request for release.

Distribution: Offender's Medical File

Printed on Recycled Paper

DOC 0240 (Eff. 11/2004)
(Replaces DOC 0109)

Exh. 3

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS INFORMATION, X-RAY FILMS  IMAGING STUDIES AND PATHOLOGY MATERIALS

TO:        **Prairie Cardiovascular Consultants, Ltd./Bart Troy, M.D.**
                **Records Custodian**
                **P. O. Box 19420**
                **Springfield, IL  62794-9420**

RE:        **Tony Scott (SSN: _____; DOB: 06/26/61)**
                **Western Illinois Correctional Center**
                **Inmate Mail/Parcels**
                **R. R. #4, Box 196**
                **Mt. Sterling, IL 62353**

      1.    I hereby authorize the above-named medical providers and their agents, employees, or representatives to disclose for any authorized purpose any related medical records, information, x-ray films and imaging studies to any of the recipients identified below.  This authorization shall extend to all persons who provided medical care and treatment, consultation, or who attended to the patient identified herein and whose records appear in the medical provider's chart.   This document requests all records dated 2001 through the present.

      2.    I further authorize any recipient who receives such related medical records, information, x-ray films and imaging studies to redisclose without notice those medical records and information to any other authorized recipient for any authorized purpose.

      **3.    I authorize the above-named medical provider  to engage in *ex parte* discussions with Heyl, Royster, Voelker & Allen, the attorneys for Lowell Brown, M.D., and Teresa Conner, R.N., and expressly waive any privilege which would prohibit *ex parte* discussions between them.**

      4.    I understand that I may revoke this authorization at any time by giving written notice to the person or entity disclosing confidential information pursuant to this authorization of my desire to do so.  I also understand that I will not be able to revoke this authorization in cases where the individual disclosing confidential health information pursuant to the authorization has already relied on it to use or disclose my health information.  Written revocation must be sent to the person or entity authorized by this authorization to release confidential health information and the attorneys for all parties who have received the records and information pursuant to this authorization. Absent such written revocation, this authorization for release of confidential health information  is valid until the earlier of the conclusion of the lawsuit identified herein, or January 1, 2016. I understand that the information or records used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by law. I understand that I and the recipients of this information have the right to inspect and copy the medical records, information, x-ray films, imaging studies and pathology materials to be disclosed.

*Exh. 4*

5. It has been explained to me that if I refuse to consent to this release of medical records, information, x-ray films, imaging studies and pathology materials, the following are the consequences, if any: <u>Defendant will be required to obtain a court order to allow release and redisclosure of medical records, information, x-ray films, imaging studies and pathology materials.</u>

6. By accepting and honoring this authorization, any entity covered by the Health Insurance Portability and Accountability Act (HIPAA) agrees that the disclosure of the information will have no effect on my ability or inability to receive treatment, payment, enrollment or benefits from the entity providing the records.

7. I understand that by signing this authorization, otherwise protected health information about me may be disclosed by the parties who receive it and that those parties are not restricted by HIPAA as to how they may disclose the information that is provided pursuant to this authorization.

## **DEFINITIONS**

The following definitions shall apply as used herein:

**<u>Related Medical Records, Information, X-ray Films, Imaging Studies and Pathology Materials</u>:** These include the following:

1. Copies of any and all hospital, clinic or doctor's records, admission/discharge summaries, notes, memoranda, pathology, radiology, surgical or other specialists' or consultants' reports, lab or test results, physical therapy records, nurses' notes, inpatient and outpatient records, index cards, patient information or history sheets, prescription and medication information concerning the care and treatment of this patient;

2. Statements for itemized charges and medical bills;

3. Copies of all billing and payment records concerning treatment rendered to the patient;

4. Copies of any and all x-rays, radiographic or imaging studies of the patient.

5. Pathology materials including slides, tissue blocks, tissue specimens or other materials taken from the patient's body;

6. Photographs, videotapes or other recordings of the patient or any procedure performed upon the patient;

2

The medical records, information, x-ray films and imaging studies to be disclosed and/or redisclosed pursuant to this Authorization shall include medical records, information, x-ray films, imaging studies and pathology materials arising out of, pertaining to, or concerning the following conditions or illnesses: psychiatric, mental health or developmental disabilities; genetic testing; alcohol abuse, drug abuse or substance abuse; human immunodeficiency virus (HIV) and acquired immunodeficiency syndrome (AIDS); and sexually transmitted or communicable diseases.

**Authorized Purpose:** The medical records, information, x-ray films and imaging studies disclosed hereunder may be used for the purpose of investigation, consultation, discovery, evidence, trial, appeal, resolution, mediation, or other use incidental to the proceedings in the case of Scott v. Brown, et al., Case No. 06-3144, filed in the Central District Court of Illinois, which use purposes shall include the giving or taking of testimony in depositions or at trials, and consulting with witnesses and/or experts.

**Recipients:** Recipients shall include:

1.    The parties to the above-referenced case, their attorneys, and the insurers or other entity from whom damages, compensation or indemnity is sought; any entity performing monitoring or adjustment services on behalf of such insurance carrier or entity; and the agents, employees, representatives and third party administrators of the foregoing;

2.    All consultants or experts, and any other witness or person retained or called by the parties to the above-referenced case and their agents, employees or representatives;

3.    All treating physicians and other health care providers;

4.    Participants in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512;

5.    Court reporters, copy services or other vendors to the parties and their attorneys;

6.    Any person who receives such medical records, information, x-ray films and imaging studies by reason of their presence during an authorized disclosure including but not limited to the professional and support staff of authorized recipients identified herein, observers at trial, court personnel, or any other person who has an incidental involvement.

DATED: 1-10-07

Tony Scott
TONY SCOTT

If you are not the patient, please specify your relationship to the patient: _____

3

STATE OF ILLINOIS       )
                               ) SS.
COUNTY OF _____   )

        On this _____ day of _____, 200__, before me personally appeared TONY SCOTT, known to me to be the person who executed the above and foregoing **Authorization for Release of Medical Records and Information** and who this day acknowledged that he/she executed the same as his/her free act and deed for the uses and purposes therein set forth.

                                            _____

                                                Notary Public

**A copy of this authorization shall be considered as
effective and valid as the original**

## **NOTICE**

        **Under the provisions of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, you may not redisclose any of this information unless the person who consented to this disclosure specifically consents to that redisclosure.**

        **This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2; 45 C.F.R. (HIPPA) ). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR part 2, or 45 C.F.R. (HIPPA) A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.**

**E-FILED**
Wednesday, 17 January, 2007  10:09:10 AM
Clerk, U.S. District Court, ILCD

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS
## INFORMATION, X-RAY FILMS  IMAGING STUDIES AND PATHOLOGY
## MATERIALS

TO:    **Cook County Hospital**
       **Records Custodian**
       **621 South Winchester**
       **Chicago, IL  60612**

RE:    **Tony Scott (SSN: _____; DOB: 06/26/61)**
       **Western Illinois Correctional Center**
       **Inmate Mail/Parcels**
       **R. R. #4, Box 196**
       **Mt. Sterling, IL 62353**

     1.    I hereby authorize the above-named medical providers and their agents, employees, or representatives to disclose for any authorized purpose any related medical records, information, x-ray films and imaging studies to any of the recipients identified below.  This authorization shall extend to all persons who provided medical care and treatment, consultation, or who attended to the patient identified herein and whose records appear in the medical provider's chart.   This document requests all records dated 2001 through the present.

     2.    I further authorize any recipient who receives such related medical records, information, x-ray films and imaging studies to redisclose without notice those medical records and information to any other authorized recipient for any authorized purpose.

     **3.    I authorize the above-named medical provider  to engage in *ex parte* discussions with Heyl, Royster, Voelker & Allen, the attorneys for Lowell Brown, M.D., and Teresa Conner, R.N., and expressly waive any privilege which would prohibit *ex parte* discussions between them.**

     4.    I understand that I may revoke this authorization at any time by giving written notice to the person or entity disclosing confidential information pursuant to this authorization of my desire to do so.  I also understand that I will not be able to revoke this authorization in cases where the individual disclosing confidential health information pursuant to the authorization has already relied on it to use or disclose my health information.  Written revocation must be sent to the person or entity authorized by this authorization to release confidential health information and the attorneys for all parties who have received the records and information pursuant to this authorization. Absent such written revocation, this authorization for release of confidential health information   is valid until the earlier of the conclusion of the lawsuit identified herein, or January 1, 2016. I understand that the information or records used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by law. I understand that I and the recipients of this information have the right to inspect and copy the medical records, information, x-ray films, imaging studies and pathology materials to be disclosed.

Exh. 5

5.    It has been explained to me that if I refuse to consent to this release of medical records, information, x-ray films, imaging studies and pathology materials, the following are the consequences, if any:  Defendant will be required to obtain a court order to allow release and redisclosure of medical records, information, x-ray films, imaging studies and pathology materials.

6.    By accepting and honoring this authorization, any entity covered by the Health Insurance Portability and Accountability Act (HIPAA) agrees that the disclosure of the information will have no effect on my ability or inability to receive treatment, payment, enrollment or benefits from the entity providing the records.

7.    I understand that by signing this authorization, otherwise protected health information about me may be disclosed by the parties who receive it and that those parties are not restricted by HIPAA as to how they may disclose the information that is provided pursuant to this authorization.

## DEFINITIONS

The following definitions shall apply as used herein:

**Related Medical Records, Information, X-ray Films, Imaging Studies and Pathology Materials:**  These include the following:

1.    Copies of any and all hospital, clinic or doctor's records, admission/discharge summaries, notes, memoranda, pathology, radiology, surgical or other specialists' or consultants' reports, lab or test results, physical therapy records, nurses' notes, inpatient and outpatient records, index cards, patient information or history sheets, prescription and medication information concerning the care and treatment of this patient;

2.    Statements for itemized charges and medical bills;

3.    Copies of all billing and payment records concerning treatment rendered to the patient;

4.    Copies of any and all x-rays, radiographic  or imaging studies of the patient.

5.    Pathology materials including slides, tissue blocks, tissue specimens or other materials taken from the patient's body;

6.    Photographs, videotapes or other recordings of the patient or any procedure performed upon the patient;

The medical records, information, x-ray films and imaging studies to be disclosed and/or redisclosed pursuant to this Authorization shall include medical records, information, x-ray films, imaging studies and pathology materials arising out of, pertaining to, or concerning the following conditions or illnesses: psychiatric, mental health or developmental disabilities; genetic testing; alcohol abuse, drug abuse or substance abuse; human immunodeficiency virus (HIV) and acquired immunodeficiency syndrome (AIDS); and sexually transmitted or communicable diseases.

**Authorized Purpose:** The medical records, information, x-ray films and imaging studies disclosed hereunder may be used for the purpose of investigation, consultation, discovery, evidence, trial, appeal, resolution, mediation, or other use incidental to the proceedings in the case of <u>Scott v. Brown, et al.</u>, Case No. 06-3144, filed in the Central District Court of Illinois, which use purposes shall include the giving or taking of testimony in depositions or at trials, and consulting with witnesses and/or experts.

**Recipients:** Recipients shall include:

1.  The parties to the above-referenced case, their attorneys, and the insurers or other entity from whom damages, compensation or indemnity is sought; any entity performing monitoring or adjustment services on behalf of such insurance carrier or entity; and the agents, employees, representatives and third party administrators of the foregoing;

2.  All consultants or experts, and any other witness or person retained or called by the parties to the above-referenced case and their agents, employees or representatives;

3.  All treating physicians and other health care providers;

4.  Participants in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512;

5.  Court reporters, copy services or other vendors to the parties and their attorneys;

6.  Any person who receives such medical records, information, x-ray films and imaging studies by reason of their presence during an authorized disclosure including but not limited to the professional and support staff of authorized recipients identified herein, observers at trial, court personnel, or any other person who has an incidental involvement.

DATED: 1-10-07                      Tony Scott
                                    TONY SCOTT

If you are not the patient, please specify your relationship to the patient: _____

3

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF _____       )

On this _____ day of _____, 200__, before me personally appeared TONY SCOTT, known to me to be the person who executed the above and foregoing **Authorization for Release of Medical Records and Information** and who this day acknowledged that he/she executed the same as his/her free act and deed for the uses and purposes therein set forth.

_____
Notary Public

**A copy of this authorization shall be considered as
effective and valid as the original**

**<u>NOTICE</u>**

**Under the provisions of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, you may not redisclose any of this information unless the person who consented to this disclosure specifically consents to that redisclosure.**

**This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2; 45 C.F.R. (HIPPA) ). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR part 2, or 45 C.F.R. (HIPPA) A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.**

4

**E-FILED**
Wednesday, 17 January, 2007  10:09:18 AM
Clerk, U.S. District Court, ILCD

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS INFORMATION, X-RAY FILMS  IMAGING STUDIES AND PATHOLOGY MATERIALS

TO:  **Cermak Health Services of Cook County**
    **Records Custodian**
    **2600 South California Avenue**
    **Chicago, IL  60608**

RE:  **Tony Scott (SSN: _____; DOB: 06/26/61)**
    **Western Illinois Correctional Center**
    **Inmate Mail/Parcels**
    **R. R. #4, Box 196**
    **Mt. Sterling, IL 62353**

   1.  I hereby authorize the above-named medical providers and their agents, employees, or representatives to disclose for any authorized purpose any related medical records, information, x-ray films and imaging studies to any of the recipients identified below.  This authorization shall extend to all persons who provided medical care and treatment, consultation, or who attended to the patient identified herein and whose records appear in the medical provider's chart.   This document requests all records dated 2001 through the present.

   2.  I further authorize any recipient who receives such related medical records, information, x-ray films and imaging studies to redisclose without notice those medical records and information to any other authorized recipient for any authorized purpose.

   **3.  I authorize the above-named medical provider  to engage in *ex parte* discussions with Heyl, Royster, Voelker & Allen, the attorneys for Lowell Brown, M.D., and Teresa Conner, R.N., and expressly waive any privilege which would prohibit *ex parte* discussions between them.**

   4.  I understand that I may revoke this authorization at any time by giving written notice to the person or entity disclosing confidential information pursuant to this authorization of my desire to do so.  I also understand that I will not be able to revoke this authorization in cases where the individual disclosing confidential health information pursuant to the authorization has already relied on it to use or disclose my health information.  Written revocation must be sent to the person or entity authorized by this authorization to release confidential health information and the attorneys for all parties who have received the records and information pursuant to this authorization. Absent such written revocation, this authorization for release of confidential health information  is valid until the earlier of the conclusion of the lawsuit identified herein, or January 1, 2016. I understand that the information or records used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by law. I understand that I and the recipients of this information have the right to inspect and copy the medical records, information, x-ray films, imaging studies and pathology materials to be disclosed.

Ex/1.- 6

5.    It has been explained to me that if I refuse to consent to this release of medical records, information, x-ray films, imaging studies and pathology materials, the following are the consequences, if any: Defendant will be required to obtain a court order to allow release and redisclosure of medical records, information, x-ray films, imaging studies and pathology materials.

6.    By accepting and honoring this authorization, any entity covered by the Health Insurance Portability and Accountability Act (HIPAA) agrees that the disclosure of the information will have no effect on my ability or inability to receive treatment, payment, enrollment or benefits from the entity providing the records.

7.    I understand that by signing this authorization, otherwise protected health information about me may be disclosed by the parties who receive it and that those parties are not restricted by HIPAA as to how they may disclose the information that is provided pursuant to this authorization.

## DEFINITIONS

The following definitions shall apply as used herein:

**Related Medical Records, Information, X-ray Films, Imaging Studies and Pathology Materials:** These include the following:

1.    Copies of any and all hospital, clinic or doctor's records, admission/discharge summaries, notes, memoranda, pathology, radiology, surgical or other specialists' or consultants' reports, lab or test results, physical therapy records, nurses' notes, inpatient and outpatient records, index cards, patient information or history sheets, prescription and medication information concerning the care and treatment of this patient;

2.    Statements for itemized charges and medical bills;

3.    Copies of all billing and payment records concerning treatment rendered to the patient;

4.    Copies of any and all x-rays, radiographic or imaging studies of the patient.

5.    Pathology materials including slides, tissue blocks, tissue specimens or other materials taken from the patient's body;

6.    Photographs, videotapes or other recordings of the patient or any procedure performed upon the patient;

2

The medical records, information, x-ray films and imaging studies to be disclosed and/or redisclosed pursuant to this Authorization shall include medical records, information, x-ray films, imaging studies and pathology materials arising out of, pertaining to, or concerning the following conditions or illnesses: psychiatric, mental health or developmental disabilities; genetic testing; alcohol abuse, drug abuse or substance abuse; human immunodeficiency virus (HIV) and acquired immunodeficiency syndrome (AIDS); and sexually transmitted or communicable diseases.

**Authorized Purpose:** The medical records, information, x-ray films and imaging studies disclosed hereunder may be used for the purpose of investigation, consultation, discovery, evidence, trial, appeal, resolution, mediation, or other use incidental to the proceedings in the case of Scott v. Brown, et al., Case No. 06-3144, filed in the Central District Court of Illinois, which use purposes shall include the giving or taking of testimony in depositions or at trials, and consulting with witnesses and/or experts.

**Recipients:** Recipients shall include:

1.      The parties to the above-referenced case, their attorneys, and the insurers or other entity from whom damages, compensation or indemnity is sought; any entity performing monitoring or adjustment services on behalf of such insurance carrier or entity; and the agents, employees, representatives and third party administrators of the foregoing;

2.      All consultants or experts, and any other witness or person retained or called by the parties to the above-referenced case and their agents, employees or representatives;

3.      All treating physicians and other health care providers;

4.      Participants in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512;

5.      Court reporters, copy services or other vendors to the parties and their attorneys;

6.      Any person who receives such medical records, information, x-ray films and imaging studies by reason of their presence during an authorized disclosure including but not limited to the professional and support staff of authorized recipients identified herein, observers at trial, court personnel, or any other person who has an incidental involvement.

DATED: 1-10-07                          Tony Scott
                                        TONY SCOTT

If you are not the patient, please specify your relationship to the patient: _____

3

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF _____        )

    On this _____ day of _____, 200__, before me personally appeared TONY SCOTT, known to me to be the person who executed the above and foregoing **Authorization for Release of Medical Records and Information** and who this day acknowledged that he/she executed the same as his/her free act and deed for the uses and purposes therein set forth.

                                           _____

                                            Notary Public

**A copy of this authorization shall be considered as
effective and valid as the original**

### <u>NOTICE</u>

    **Under the provisions of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, you may not redisclose any of this information unless the person who consented to this disclosure specifically consents to that redisclosure.**

    **This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2; 45 C.F.R. (HIPPA) ). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR part 2, or 45 C.F.R. (HIPPA) A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.**

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS INFORMATION, X-RAY FILMS  IMAGING STUDIES AND PATHOLOGY MATERIALS

TO:          **Dr. Maan S. Elkhadra**
                    **Records Custodian**
                    **1901 West Harrison, Suite 3641**
                    **Chicago, IL 60612**

RE:          **Tony Scott (SSN: _____; DOB: 06/26/61)**
                    **Western Illinois Correctional Center**
                    **Inmate Mail/Parcels**
                    **R. R. #4, Box 196**
                    **Mt. Sterling, IL 62353**

     1.    I hereby authorize the above-named medical providers and their agents, employees, or representatives to disclose for any authorized purpose any related medical records, information, x-ray films and imaging studies to any of the recipients identified below.  This authorization shall extend to all persons who provided medical care and treatment, consultation, or who attended to the patient identified herein and whose records appear in the medical provider's chart.   This document requests all records dated 2001 through the present.

     2.    I further authorize any recipient who receives such related medical records, information, x-ray films and imaging studies to redisclose without notice those medical records and information to any other authorized recipient for any authorized purpose.

     **3.    I authorize the above-named medical provider to engage in *ex parte* discussions with Heyl, Royster, Voelker & Allen, the attorneys for Lowell Brown, M.D., and Teresa Conner, R.N., and expressly waive any privilege which would prohibit *ex parte* discussions between them.**

     4.    I understand that I may revoke this authorization at any time by giving written notice to the person or entity disclosing confidential information pursuant to this authorization of my desire to do so.  I also understand that I will not be able to revoke this authorization in cases where the individual disclosing confidential health information pursuant to the authorization has already relied on it to use or disclose my health information.  Written revocation must be sent to the person or entity authorized by this authorization to release confidential health information and the attorneys for all parties who have received the records and information pursuant to this authorization. Absent such written revocation, this authorization for release of confidential health information   is valid until the earlier of the conclusion of the lawsuit identified herein, or January 1, 2016. I understand that the information or records used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by law. I understand that I and the recipients of this information have the right to inspect and copy the medical records, information, x-ray films, imaging studies and pathology materials to be disclosed.

Exh - 7

5.      It has been explained to me that if I refuse to consent to this release of medical records, information, x-ray films, imaging studies and pathology materials, the following are the consequences, if any:  <u>Defendant will be required to obtain a court order to allow release and redisclosure of medical records, information, x-ray films, imaging studies and pathology materials.</u>

6.      By accepting and honoring this authorization, any entity covered by the Health Insurance Portability and Accountability Act (HIPAA) agrees that the disclosure of the information will have no effect on my ability or inability to receive treatment, payment, enrollment or benefits from the entity providing the records.

7.      I understand that by signing this authorization, otherwise protected health information about me may be disclosed by the parties who receive it and that those parties are not restricted by HIPAA as to how they may disclose the information that is provided pursuant to this authorization.

## DEFINITIONS

The following definitions shall apply as used herein:

**<u>Related Medical Records, Information, X-ray Films, Imaging Studies and Pathology Materials:</u>**  These include the following:

1.      Copies of any and all hospital, clinic or doctor's records, admission/discharge summaries, notes, memoranda, pathology, radiology, surgical or other specialists' or consultants' reports, lab or test results, physical therapy records, nurses' notes, inpatient and outpatient records, index cards, patient information or history sheets, prescription and medication information concerning the care and treatment of this patient;

2.      Statements for itemized charges and medical bills;

3.      Copies of all billing and payment records concerning treatment rendered to the patient;

4.      Copies of any and all x-rays, radiographic  or imaging studies of the patient.

5.      Pathology materials including slides, tissue blocks, tissue specimens or other materials taken from the patient's body;

6.      Photographs, videotapes or other recordings of the patient or any procedure performed upon the patient;

2

The medical records, information, x-ray films and imaging studies to be disclosed and/or redisclosed pursuant to this Authorization shall include medical records, information, x-ray films, imaging studies and pathology materials arising out of, pertaining to, or concerning the following conditions or illnesses: psychiatric, mental health or developmental disabilities; genetic testing; alcohol abuse, drug abuse or substance abuse; human immunodeficiency virus (HIV) and acquired immunodeficiency syndrome (AIDS); and sexually transmitted or communicable diseases.

**Authorized Purpose:** The medical records, information, x-ray films and imaging studies disclosed hereunder may be used for the purpose of investigation, consultation, discovery, evidence, trial, appeal, resolution, mediation, or other use incidental to the proceedings in the case of Scott v. Brown, et al., Case No. 06-3144, filed in the Central District Court of Illinois, which use purposes shall include the giving or taking of testimony in depositions or at trials, and consulting with witnesses and/or experts.

**Recipients:** Recipients shall include:

1.    The parties to the above-referenced case, their attorneys, and the insurers or other entity from whom damages, compensation or indemnity is sought; any entity performing monitoring or adjustment services on behalf of such insurance carrier or entity; and the agents, employees, representatives and third party administrators of the foregoing;

2.    All consultants or experts, and any other witness or person retained or called by the parties to the above-referenced case and their agents, employees or representatives;

3.    All treating physicians and other health care providers;

4.    Participants in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512;

5.    Court reporters, copy services or other vendors to the parties and their attorneys;

6.    Any person who receives such medical records, information, x-ray films and imaging studies by reason of their presence during an authorized disclosure including but not limited to the professional and support staff of authorized recipients identified herein, observers at trial, court personnel, or any other person who has an incidental involvement.

DATED: _1-10-07_                        _Tony Scott_
                                                      TONY SCOTT

If you are not the patient, please specify your relationship to the patient: _____

3

STATE OF ILLINOIS)
                 ) SS.
COUNTY OF _____ )

On this _____ day of _____, 200__, before me personally appeared TONY SCOTT, known to me to be the person who executed the above and foregoing **Authorization for Release of Medical Records and Information** and who this day acknowledged that he/she executed the same as his/her free act and deed for the uses and purposes therein set forth.

_____
                        Notary Public

**A copy of this authorization shall be considered as
effective and valid as the original**

## NOTICE

**Under the provisions of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, you may not redisclose any of this information unless the person who consented to this disclosure specifically consents to that redisclosure.**

**This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2; 45 C.F.R. (HIPPA) ). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR part 2, or 45 C.F.R. (HIPPA) A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.**

**E-FILED**
Wednesday, 17 January, 2007  10:09:37 AM
Clerk, U.S. District Court, ILCD

05415-P7904
TMP/ej

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

TONY SCOTT, N-92280,       )
                                    )
        Plaintiff,       )
                                    )
     v.                    )    No. 06-3144-HAB-CHE
                                    )
DR. LOWELL BROWN; OFFICER   )
HENDRICKS; NURSE O'CONNOR;   )
DEBORAH K. FUQUA; TERRY L. POLK; )
ROGER A. ZIMMERMAN; and ROGER  )
WALKER, JR.,               )
                                    )
        Defendants.      )

## INTERROGATORIES DIRECTED TO PLAINTIFF BY DEFENDANT BROWN

THE PLAINTIFF, FLOYD K. HAYES, is hereby notified to answer the following Interrogatories separately and fully in writing, under oath and within twenty-eight (28) days from date of service of these Interrogatories, all in accordance with the Federal Rule of Civil Procedure 26(b)(4); these Interrogatories may be answered on these Interrogatories in the space provided and, if necessary, the reverse side hereof:

    1.    Identify the specific date on which you believe Lowell Brown, M.D., was deliberately indifferent.

        a.    For each date referenced identify the complaint voiced by the patient and the care or response which you feel constituted deliberate indifference.

        b.    For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate if known what you or your witnesses will assert the proper treatment should have been.

        c.    State the damages or injuries you claim to have sustained as a result of the alleged deliberate indifference.

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

Exh. 8

05415-P7904
TMP/ej

ANSWER:

6-16-05, 7-19-05.

A.) Dr. Brown discontinued my medictions when he new i had A heart problme And that was wrong.

B.) To give me the right medidtion i need for my heart problme.

C.) BY Dr. Brown discontinued my medidtion And would not renew them CAuse me to go to the out side hospital for chest pAin.

2.      Have you filed any other lawsuits for your own personal injuries. If so, state the name of the Defendant or Defendants involved, the court and caption of that filing, the year filed, the title and docket number of the case.

ANSWER:   no.

3.      Pursuant to the Federal Rules of Civil Procedure, provide the name and address of each witness who will offer testimony and state:

a.      The subject matter of which the witness is expected to testify;

b.      The conclusions and/or opinions of the witness and the basis therefore including reports of the witness, if any;

c.      The qualifications of each witness including a curriculum vitae and/or resume if any;

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7904
TMP/ej

d.    The identity of any written reports of the witness regarding this occurrence; and

e.    For each witness indicate whether or not you intend to call this person to testify at trial.

ANSWER:    Dr. Maan S. Elkhadra
1901 W. Harrison
Chicago IL 60612    Talk About My heart Condition c

Marilyn Johnson
946 n. Kedvale
Chicago Il 60651    Talk About My heart Condition.

LOWELL BROWN, M.D.

BY:    *Theresa Powell*

HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7904
TMP/ej

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF _____      )

    I, TONY SCOTT, being first duly sworn, state that I have read the foregoing Answer to

Interrogatories and that the Answers contained therein are true and correct to the best of my

information, knowledge, and belief.


_____
TONY SCOTT


SUBSCRIBED AND SWORN to before me this _____ day of _____, 2006.


_____
                   NOTARY PUBLIC

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7904
TMP/ej

## PROOF OF SERVICE

THE UNDERSIGNED certifies that a copy of the foregoing instrument was served upon the

attorneys of record of all parties to the above cause by enclosing same in an envelope with postage

prepaid, and by depositing said envelope in a United States Post Office mail box in Springfield,

Illinois, on October _30_, 2006, addressed to such attorneys at their business address as disclosed

by the pleadings of record herein.

BY:  _Theresa Powell_
HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

Copies to:

Tony Scott, N-92280
Western Illinois Correctional Center
Inmate Mail/Parcels
R. R. #4, Box 196
Mt. Sterling, IL 62353

Ms. Lindsay Sweet
Illinois Attorney General's Office
500 South Second Street
Springfield, IL  62706



**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

E-FILED
Wednesday, 17 January, 2007  10:09:49 AM
Clerk, U.S. District Court, ILCD

05415-P7904
TMP/ej

## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TONY SCOTT, N-92280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3144-HAB-CHE |
| | ) | |
| DR. LOWELL BROWN; OFFICER | ) | |
| HENDRICKS; NURSE O'CONNOR; | ) | |
| DEBORAH K. FUQUA; TERRY L. POLK; | ) | |
| ROGER A. ZIMMERMAN; and ROGER | ) | |
| WALKER, JR., | ) | |
| | ) | |
| Defendants. | ) | |

### INTERROGATORIES DIRECTED TO PLAINTIFF BY DEFENDANT CONNER

THE PLAINTIFF, FLOYD K. HAYES, is hereby notified to answer the following Interrogatories separately and fully in writing, under oath and within twenty-eight (28) days from date of service of these Interrogatories, all in accordance with the Federal Rule of Civil Procedure 26(b)(4); these Interrogatories may be answered on these Interrogatories in the space provided and, if necessary, the reverse side hereof:

1. Identify the specific date on which you believe Teresa Conner, R.N., was deliberately indifferent.

    a.    For each date referenced identify the complaint voiced by the patient and the care or response which you feel constituted deliberate indifference.

    b.    For each method of treatment or lack of treatment you find constitutes deliberate indifference, please indicate if known what you or your witnesses will assert the proper treatment should have been.

    c.    State the damages or injuries you claim to have sustained as a result of the alleged deliberate indifference.

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

*Exh-9*

05415-P7904
TMP/ej

ANSWER:

1.) 6-5-05, And 9-19-05.

A.) Nurse Conner know About MY heart Condition And She still would Not give me my medicine, That's why She WAS deliberate indifference.

B.) Juse give me the medicine, that would be the right thing to do.

C.) By nurse conner refuse to give me my medicine it cuse me to go to To docter, Becuse i was hiving Chest Pain And i had to go And get some Medicine.

TERESA CONNER, R.N.

BY: *Theresa Powell*

HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7904
TMP/ej

STATE OF ILLINOIS         )
                          ) SS.
COUNTY OF _____     )

    I, TONY SCOTT, being first duly sworn, state that I have read the foregoing Answer to

Interrogatories and that the Answers contained therein are true and correct to the best of my

information, knowledge, and belief.

<br>

                                       _____
                                         TONY SCOTT

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2006.

<br>

                                       _____
                                       NOTARY PUBLIC

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P7904
TMP/ej

## **PROOF OF SERVICE**

THE UNDERSIGNED certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing same in an envelope with postage prepaid, and by depositing said envelope in a United States Post Office mail box in Springfield, Illinois, on October _30_, 2006, addressed to such attorneys at their business address as disclosed by the pleadings of record herein.

BY: _Theresa Powell_
HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

Copies to:

Tony Scott, N-92280
Western Illinois Correctional Center
Inmate Mail/Parcels
R. R. #4, Box 196
Mt. Sterling, IL 62353

Ms. Lindsay Sweet
Illinois Attorney General's Office
500 South Second Street
Springfield, IL  62706



**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822