**E-FILED**
Monday, 06 August, 2007  10:58:07 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TONY SCOTT
    **plaintiff**,

    **V.**

3:06-CV-3144

OFFICER HENDRICKS;
DEBORAH K. FUQUA; TERRY L.
POLK; ROGER A. ZIMMERMAN; and ROGER WALKER, JR.
    **defendants**



FILED

AUG -6 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**PLAINTIFF'S RESPONSE TO DEFENDANTS
MOTION FOR SUMMARY JUDGEMENT**

PLAINTIFF SUBMITS THIS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT,

BECAUSE DEFENDANTS' HAVE FAILED TO MEET THEIR BURDEN OF DEMONSTRATING THAT

THERE IS NO DISPUTE AS TO ANY MATERIAL FACT.  AND BECAUSE THE FACTS SET FORTH IN

PLAINTIFF'S STATEMENT OF MATERIAL FACT AND THE ATTACHED EVIDENCE SHOW THAT

DEFENDANTS' VIOLATED HERE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS, THIS COURT

SHOULD DENY DEFENDANTS' MOTION.

**I.  DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY**

DEFENDANTS ARGUE THAT THE DOCTRINE OF QUALIFIED IMMUNITY SHIELD THEM FROM

LIABILITY FOR THEIR DECISION TO SUBJECT TO DELIBERATE INDIFFERENCE TO THE PLAINTIFFS

SERIOUS MEDICAL NEED UNDER THE EIGHTH AMENDMENT.  AS THE SUPREME COURT HAS

EXPLAINED, "QUALIFIED IMMUNITY SEEKS TO ENSURE THAT DEFENDANTS REASONABLELY

CAN ANTICIPATE WHEN THEIR CONDUCT MAY GIVE RISE TO LIABILITY, BY ATTACHING

LIABILITY ONLY [t] HE CONTOURS OF THE RIGHT [VIOLATED ARE] SUFFICIENTLY CLEAR THAT A

REASONABLE OFFICAL WOULD UNDERSTAND THAT WHAT HE IS DOING VIOLATED THAT

RIGHT" UNITED **STATES V. LANIER, 520 U.S.259, 270 (1997)**. THIS IS NOT TO SAY THAT AN

OFFICAL ACTION IS PROTECTED BY QUALIFIED IMMUNITY UNLESS THE VERY ACTION IN QUESTION HAS BEEN HELD UNLAWFUL; BUT IT IS TO SAY THAT IN THE LIGHT OF PRE-EXISTING LAW THE UNLAWFULNESS MUST BE APPARENT. **ANDERSON V. CREIGHTON. 483 U.S. 635, 640 (1987).** HERE, IT WAS APPARENT BY JUNE 5, 2005 THAT THE EIGHTH AMENDMENT PROHIBITED DEFENDANTS FROM SUBJECTING THE PLAINTIFF TO ADEQUATE MEDICAL TREATMENT, BY **NURSE O'CONNOR** REFUSING TO GIVE ME MY MEDICATIONS, WHEN NURSE O'CONNOR KNOWS ABOUT MY HEART CONDITION, ALSO, WHEN **DR. BROWN** REFUSE TO GIVE ME THE RIGHT MEDICATION I NEED FOR MY HEART CONDITION, WHICH IS ISOSBRIDE, ZOCOR AND PLAVIX. WHEN **DR. BROWN** DISCONTINUED THE ABOVE MEDICATIONS ON 7/20/05 WHICH IS STATED IN THE COMPLAINT. THE SUPREME COURT HAS HELD THAT THE EIGHTH AMENDMENT PROSCRIPTION AGAINST CRUEL AND UNUSUAL PUNISHMENT DOES NOT PERMIT PRISON PERSONNEL TO SUBJECT AN INMATE TO "ACTS OF OMISSION SUFFICIENTLY HARMFUL TO EVIDENCE DELIVERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS." **ESTELLE V. GAMBLE, 429 U.S. AT 106, 97 S.CT.AT 292**. HOWEVER, [A] N INMATE MUST RELY ON PRISON AUTHORITIES TO TREAT HIS MEDICAL NEED; IF THE AUTHORITIES FAIL TO DO SO, THOSE NEEDS WILL NOT BE MET. **ESTELLE, 429 U.S. AT 103, 97 S.CT.AT 290**. THUS THE STATE HAS A CONSTITUTIONAL OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE TO THOSE WHOM IT HAS INCACERATED. SEE, **WEST V. ATKINS, 487 U.S. AT--, 108 S.CT. AT 2258**. ACCORDINGLY, "DELIBERATE INDIFFERENCE TO A PRISONER'S SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION UNDER 1983". **ESTELLE, 429 U.S. AT 105, 97 S.CT. AT 291**. I'VE INFORMED **DEBORAH K. FUQUA** ABOUT **DR. BROWN** WRONG DOING, AND **DEBORAH K. FUQUA** DID NOTHING ABOUT IT. I THEN MADE **TERRY L. POLK**, **ROGER A. ZIMMERMAN** AND **ROGER WALKER** AWARE OF THE SITUATION WAY BEFORE MAKING THIS CLAIM. SO THEY WERE FULLY AWARE OF THE PROBLEM I WAS HAVING WITH THIS HEALTH CARE STAFF ABOUT MY HEART PROBLEM. I'VE WROTE TO **POLK**, **ZIMMERMAN** AND **WALKER**. ALSO, MY WIFE HAVE WROTE TO THEM AS WELL, AND ALSO TO **MS. FUQUA** AS WELL (YOU CAN FIND LETTERS THAT WAS WRITTEN TO THEM IN THE COMPLAINT AS **EXHIBITS**, YOU WILL FIND THE LETTER IN **EXHIBITS** H-I, THAT WAS WRITTEN TO THEM. BUT THEY STILL IGNORED MY SERIOUS MEDICAL NEED

THE SUPREME COURT HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED FOR

MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE THAT CARE CONSTITUTE

DELIBERATE INDIFFERENCE.  SEE CARWELL V. BAY COUNTY 854 F.2D 454, 457.  A SERIOUS

MEDICAL CONDITION IS ONE THAT HAS BEEN DIAGNOSED BY A PHYSICIAN AS MANDATING

TREATMENT OR ONE THAT IS SO OBVIOUS THAT EVEN A LAY PERSON WOULD PERCEIVE
THE

NEED FOR A DOCTOR'S ATTENTION. "GREENO V. DALEY, 414 F.3D 645, 653 (7TH CIR. 2005).  AN

OBJECTIVELY SERIOUS CONDITION ALSO PRESENTS ITSELF IF "FAILURE TO TREAT (IT)

COULD RESULT IN FURTHER SIGNIFICANT INJURY OR UNNECESSARY AND WANTON

INFLICITON OF PAIN. "REED V. MCBRIDE, 178 F.3D 849, 852 (7TH CIR. 1999), QUOTING

GUTIERREZ V. PETERS, III F.3D 1364, 1373 (7TH CIR 1997).

BY DR. BROWN REFUSE TO GIVE ME THE RIGHT MEDICINE FOR MY HEART CONDITION, WHICH

CAUSE ME DISCOMFORT, I STARTED HAVING NUMBNESS IN MY LEFT ARM AND SHORTNESS OF

BREATHE AND TINGLING IN MY FINGER TIPS, I WENT TO SEE DR. BROWN AND I INFORMED HIM

THE PROBLEM I AM HAVING "ALL DR. BROWN DID WAS GIVE ME A LOW BUNK PERMIT ON

7/13/06, AND DR. BROWN TOLD ME TO TAKE MORE NITRO PILLS IF NEED IT".  I INFORMED DR.

BROWN THAT I WAS TAKING 2 AND SOMETIMES 3 NITRO PILLS, DR. BROWN SAID THAT IF YOU

NEED MORE TAKE MORE. NOW I KNOW THAT'S NOT RIGHT, BUT WHAT CAN I DO. IT WAS HARD

FOR ME TO SLEEP SOMETIMES, SO NOW I WAS TAKING 3-5 NITRO PILLS A DAY DO TO THE

DISCOMFORT I WAS HAVING. I AM ATTACHING NEW EXHIBITS WHICH WILL SHOW THE DATES
I GOT NEW NITRO PILLS.

7-11-06 / 7-24-06 / 8-01-06 / 8-24-06 /  9-02-06  / 9-20-06 / 10-01-06 / 10-14-09 / 10-26-06 / 11-07-06 /

11-26-06 AND 12/08/06. AS OF TODAY DR. BROWN STILL REFUSES TO GIVE ME THE RIGHT

MEDICATION FOR MY HEART CONDITION.  NOW OFFICER HENDRICKS REFUSES TO GET ME A

LIEUTENANT OR CAPTAIN AT THE TIME I NEEDED MEDICAL ATTENTION BECAUSE I WAS

HAVING CHEST PAIN.  I THEN INFORMED OFFICER HENDRICKS THAT I HAD NO MORE NITRO

PILLS AND I HAVE A HEART PROBLEM. OFFICER HENDRICKS REPLY WAS "EVIDENTLY YOU MUST

DON'T NEED THEM THAT'S WHY YOU DON'T HAVE THEM ANYMORE." I ASKED OFFICER

HENDRICKS HER NAME AND SHE KEPT WALKING. I THEN KEEP PUSHING MY BUTTON FOR HELP

BECAUSE I WAS HAVING SEVERE CHEST PAIN, BUT NO ONE CAME. DO TO OFFICER **HENDRICKS**

DELIVERATE INDIFFERENCE AFTER I HAD TOLD HER ABOUT MY SERIOUS MEDICAL NEED FOR

HELP, SHE KEPT WALKING IN RESULT OF OFFICER **HENDRICKS** CONDUCT I HAD TO GO TO THE

HOSPITAL, AS YOU REVIEW THE **"EXHIBITS" B** YOU WILL FIND HOSPITAL REPORT. YOU CAN

ALSO LOOK AT **EXHIBIT G-6** STATEMENT FROM WITHNESS OF ME ASKING OFFICER **HENDRICKS**

FOR HELP. CONSTITUTION REQUIRES JAIL AND PRISON OFFICIALS TO PROVIDE TREATMENT TO

INMATES WITH SERIOUS MEDICAL NEED. THE SUPREME COURT WROTE THAT THE

CONSTITUTIN PROHIBITS OFFICALS FROM "INTENTIONALLY DENYING OR DELAYING ACCESS TO

MEDICAL CARE OR INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED".

**ESTELLE. 429 U.S. AT 104-05. LANCASTER V. MONROE COUNTY, 116 F.3D 1419, 1425 (11TH CIR**

**1997)**. ("[A] N OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE INTENTIONALLY

DELAYS PROVIDING AN INMATE WITH ACCESS TO MEDICAL TREATMENT, KNOWING THAT THE

INMATE HAS A LIFE THREATENING CONDITION ORAN URGENT MEDICAL CONDITION THAT

WOULD BE EXACERBATED BY DELAY"). **LEWIS V. WELLENSTEIN  769 F. 2D1173, 1183 (7TH CIR.**

**1985** 10 TO 15 MINUTE DELAY IN RESPONDING TO INMATE HAVING HEART ATTACH SHOWED

DELIBERATE INDIFFERENCE); **WASHINGTON V. DUGGER, 860, 860 F.2D 1018, 1021 (11TH CIR.**

**1988).** (DELAY IN PROVIDING TREATMENT THAT ELIMINATED PAIN AND SUFFERING AT LEAST

TEMPORARILY COULD VIOLATE THE CONSTITUTION); DELIBERATE INDIFFERENCE TO A SERIOUS

INJURY OR MEDICAL NEED VIOLATES PRISONERS RIGHTS UNDER THE EIGHTH AMENDMENT TO

BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. **CHAPMAN V. KELTNER, 241 F.3D 842, 845**

**(7TH CIR. 2001); WYNN V. SOUTHWARD, 251 f.3D 588, 593 (7TH CIR. 2001),** CITING **ESTELLE V.**

**GAMBLE, 429 U.S. 153, 182-83 (1976)**. THE INJURY OR NEED MUST BE OBJECTIVELY SERIOUS, AND

THE OFFICAL MUST PERSONALLY KNOW OF THE RISK AND CONSCIOUSLY DISREGARD IT. SEE

**HENDERSON V. SHEAHAN, 196 F.3D 839, 845 (7TH CIR. 1997); WYNN V. SOUTHWARD, 251 F.3D**

**AT 593 Z (2001).** FUQUA, POLK, ZIMMERMAN AND WALKER CONTINUED TO TURN A BLIND EYE

TO DR. BROWN WRONG DOING WHEN I MADE THEM AWARE SEVERAL TIMES ABOUT MY HEART

CONDITION. AND AS OF NOW FUQUA, ZIMMERMAN AND WALKER ARE CONTINUING TO TURN

A BLIND EYE TO THE INADEQUATE MEDICAL CARE TREATMENT THAT I AM GETTING BY DR.

BROWN.  WHEN THEY ARE FULLY AWARE OF MY SERIOUS MEDICAL NEED.  AN INDIVIDUAL IS

LIABLE UNDER { 1983 ONLY IF HE OR SHE WAS "PERSONALLY RESPONSIBLE FOR THE

DEPRIVATION OF A CONSTITUTIONAL RIGHT. "**SANVILLE V. McCAUGHTRY, 266 F.3D 724, 739**

**(7TH CIR. 2001).** PERSONAL RESPONSIBILITY MEANS PARTICIPATING DIRECTLY IN THE

CONSTITUTIONAL VIOLATION OR DIRECTING THE UNCONSTITUTIONAL CONDUCT.  A

DEFENDANT MY ALSO BE PERSONALLY RESPONSIBLE IF THE "CONDUCT OCCURRED WITH HIS

KNOWLEDGE OR CONSENT." **SANVILLE, 266 F 3D AT 739, CITING CHAVEZ, 251 F.3D AT 652**.  I

ALSO, WROTE A LETTER TO LISA MADIGAN ATTORNEY GENERAL.

### II. DEFENDENTS ARE NOT ENTITLED TO RELIEF UNDER 42 U.S.C. } 1997 (E).

DEFENDANTS **FUQUA**, **POLK**, **ZIMMERMAN**, **HENDRICKS** AND **WALKER** ALSO, ARGUE THAT

THEY LACK SUFFICIENT PERSONAL KNOWLEDGE OF THE PLAINTIFF.  ALLEGATIONS ABOUT HIS

HEART CONDITION AND THE REMAINING ALLEGATIONS.  IF YOU REVIEW THE DEFENDANTS

ANSWER OF THE PLAINTIFFS SERIOUS MEDICAL CONDITION. BUT TURN RIGHT AROUND AND

SAY, "THAT THEY HAVE LACK OF SUFFICIENT PERSONAL KNOWLEDGE OF MY HEART

CONDITION, AND ALSO DEFENDANTS ARGUE THAT THE PLAINTIFFS NOT ENTITLED TO RECEIVE

DAMAGES UNDER 42 U.S.C. } 1997 (E) THIS PLAINLY INCORRECT.  AS THE PLAINTIFF

DECLARATION AND MEDICAL RECORDS SHOW, THAT THE PLAINTIFF HAVE NOT RECEIVED THE

FOLLOWING MEDICATIONS; PLAVIX, ZOCOR AND ISOSBRIDE BECAUSE DR. BROWN STILL

REFUSE TO ORDER THE MEDICATION, AND TO ORDER THE PLAINTIFF HEART MEDICATION.  AS

OF TODAY THE PLAINTIFFS IS NOT RECEIVING THE RIGHT MEDICATION.  I AM ATTACHING NEW

MEDICATION RECORDS TO SHOW THAT DR. BROWN HAVE NOT YET REORDERED THE

FOLLOWING MEDICATION; ISOSBRIDE, ZOCOR AND PLAVIX.  **FUQUA**, **ZIMMERMAN** AND

**WALKER** CONTINUED TO DO NOTHING ABOUT IT.  I AM ALSO ATTACHING NEW PROGRESS

NOTES AS WELL AS GRIEVANCES THAT WAS SENT TO SPRINGFIELD 6 MONTHS AGO AND

HAVEN'T RECEIVED A RESPOND. IT'S BEEN OVER THE TIME LIMIT.  NOW DR. BROWN AND TERESA

O'CONNER, R.N. ARGUE THAT THE PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE

REMEDIES, AND NOT ENTITLED TO DAMAGES. THIS IS PLAINLY INCORRECT.  AS THE

**"EXHIBITS"** H-8-H-9 SHOW THAT I HAVE WROTE TO THE ADMINSTRATIVE REVIEW BOARD DIRECTOR, ASKING ABOUT THE RESPONSE OF MY GRIEVANCES AND ALSO H-2-7-8-9, THE RESPONSE FROM THE DIR. MELODY FORD WILL SHOW ASKING ABOUT MY RESPONSE.

## OFFICER HENDRICKS

OFFICER HENDRICKS SAID THAT SHE LACK SUFFICENT PERSONAL KNOWLEDGE AND/OR RECOLLECTION TO ADMIT OR DENY THESE ALLEGATIONS. IF YOU REVIEW THE **"EXHIBIT"** G-6, YOU WILL SEE AFFIDAVIT FROM WITNESS OF ME ASKING OFFICER HENDRICKS FOR HELP AND THEN SHE KEPT WALKING, AND ME ASKING OFFICER HENDRICKS HER NAME.

HENDRICKS WAS ON THE WING ON AUGUST 10, 2005 PICKING UP TRASH (FACT). EVEN IF HENDRICKS WAS NOT THE ASSIGN OFFICER FOR THAT WING, SHE STILL AN OFFICER FOR THE C.C. AND IF AN INMATE NEED HELP FOR MEDICAL EMERGENCY OR ANY EMERGENCY SHE IS TO PROVIDE THAT HELP (FACT).

AS YOU CAN SEE I HAVE SEVERAL SIGNED AFFIDAVITS FROM SEVERAL INMATES STATING THEY HEARD ME ASK OFFICER HENDRICKS FOR HELP BECAUSE I WAS HAVING CHEST PAINS. I TOLD HER I WAS OUT OF MY NITRO PILLS AND HER REPLY WAS "EVIDENTIALLY YOU MUST DON'T NEED THEM, THAT IS WHY YOU DON'T HAVE ANY MORE" AND WALKED AWAY. SEE AFFIDAVITS ATTACHED ALONG WITH GRIEVANCE. I MADE OFFICER HENDRICKS AWARE VERBALLY; SHE SHOULD HAVE CONTACTED A DOCTOR OR MEDICAL STAFF ON MY BEHALF SO I COULD HAVE BEEN EXAMINED FOR MY CHEST PAINS.

WYNN V. SOUTHWARD, 251 F.3D 588, 594 (7TH CIR. 2001) (IN ADDITION TO MAKING WRITTEN REQUEST, INMATE REPEATEDLY TOLD PRISON OFFICIALS THAT HE NEEDED HIS HEART MEDICATION "IMMEDIATELY")

CHAVEZ V. CADY, 207 F.3D 901, 903, 906 (7TH CIR. 2000) (INMATE COMPLAINED TO GUARDS ABOUT THIS SEVERE STOMACH PAIN, VOMITING, SWEATING, AND CHILLS; INMATE "DID HIS PART TO LET THE OFFICERS KNOW HE WAS SUFFERING"). JUST LIKE WYNN V. . SOUTHWARD AND CHEVEZ V. CADY I INFORMED OFFICER HENDRICKS THAT I NEEDED

MY NITRO PILLS FOR MY HEART AND WAS HAVING SEVERE CHEST PAINS.

THE SUPREME COURT HAS HELD THAT THE EIGHT AMENDMENT PROSCRIPTION AGAINST

CRUEL AND UNUSUAL PUNISHMENT DOES NOT PERMIT PRISON PERSONNEL TO SUBJECT

AND INMATE TO " ACTS OR OMISSIONS SUFFICIENTLY HARMFUL TO EVIDENCE

DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS. *ESTELLE V. GAMBLE, 429 U.S.*

*AT 106, 97 S.CT. AT 292.*  IN ARTICULATING THE SCOPE OF THIS RIGHT, THE COURT HAS

WARNED THAT NOT "EVERY CLAIM BY A PRISONER THAT HE HAS NOT RECEIVED

ADEQUATE MEDICAL TREATMENT STATES A (CONSTITUTIONAL) VIOLATION." 429 U.S AT 105, 97

S.CT. AT 291.  MERE NEGLIGENCE OR MEDICAL MALPRACTICE IS NOT SUFFICIENT.  SEE

WEST V. ATKINS, 487 U.S. 42, 108 S.CT. 2250, 2255 N. 8, 101 L.ED.2D 40 (1988): ESTELLE, 429

U.S. AT 105-06, 97 S.CT. AT 292.  HOWEVER, "{A} N INMATE MUST RELY ON PRISON

AUTHORITIES TO TREAT HIS MEDICAL NEEDS; IF THE AUTHORITIES FAIL TO DO SO,

THOSE NEED WILL NOT BE MET."   ESTELLE, 429 U.S. AT 103, 97 S.CT. AT 290.  THUS THE

STATE HAS A CONSTITUTIONAL OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE

TO THOSE WHOM IT HAS INCARCERATED.  ID.  SEE ALSO WEST V. ATKINS, 487 U.S. AT --,

108 S.CT. AT 2258.  ACCORDINGLY, "DELIBERATE INDIFFERENCE TO A PRISONER'S

SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION UNDER 1983." ESTELLE, 429

U.S. AT 105, 97 S.CT. AT 291.

 AND ALSO, THIS COURT HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED

FOR MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE THAT CARE CONSTITUTE

DELIBERATE INDIFFERENCE.  SEE CARSONWELL V. BAY COUNTY, 854 F.2D 454, 457 (11TH CIR. 1988):

THE SUPREME COURT WROTE THAT THE CONSTITUTION PROHIBITS OFFICIALS FROM

"INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE OR

INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED." ESTELLE, 42

9 U.S. AT 104-05 (EMPHASIS ADDED).

HUDSON V. MCHUGH, 148 F.3D 859, 864 (7TH CIR. 1988) (OFFICIALS KNEW THAT INMATE

WAS NOT GETTING HIS MEDICINE FOR EPILEPSY:  "THIS IS THE PROTOTYPICAL CASE OF

DELIBERATE INDIFFERENCE")" LANCASTER, 116 F.3D AT 1425 (CLEARLY ESTABLISHED

THAT "AN OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE KNOWS THAT AN

INMATE IS IN SERIOUS NEED OF MEDICAL CARE BUT HE FALLS OR REFUSES TO OBTAIN MEDICAL TREATMENT FOR THE INMATE").

AS YOU CAN SEE I DONE EVERY THING IN MY WILL POWER TO INFORM OFFICER

HENDRICKS ABOUT MY MEDICAL NEEDS AND SHE INTENTIONALLY REFUSE TO HELP ME,

WHICH IS UNFAIR AND UNCONSTITUTIONAL BY OFFICER HENDRICKS BEING A STATE EMPLOYEE.

## DEBORAH K. FUQUA

DEFENDANT FUQUA DENY THAT SHE TURNED A BLIND EYE TO PLAINTIFF PROBLEM AND LACK

SUFFICIENT PERSONAL KNOWLEDGE TO ADMIT OR DENY THE REMAINING ALLEGATIONS. IF

YOU REVIEW THE RESPONSE TO OFFENDER GRIEVANCES YOU WILL SEE FUQUA IS AWARE OF

MY HEART CONDITION, BECAUSE I HAVE FILED SEVERAL GRIEVANCES ABOUT MY MEDICAL

CONDITION AND IT GO TO FUQUA FOR FACTS REVIEWED, AND IN FUQUA'S RESPONSE, MS.

FUQUA ADMIT THAT SHE KNOWS ALL ABOUT MY HEART CONDITION. DEFENDANTS ADMIT

THAT PLAINTIFF INFORMED DEFENDANT FUQUA ABOUT HIS DISAGREEMENT WITH DR. BROWN

ABOUT HIS MEDICATIONS. DEFENDANTS DENY THAT DEFENDANT FUQUA TURNED A BLIND

EYE TO PLAINTIFF PROBLEM. DEFENDANTS LACK SUFFICIENT PERSONAL KNOWLEDGE. NOW

THE DEFENDANTS SAY THAT THEY HAVE NO KNOWLEDGE OF MY HEART CONDITION, IF YOU

REVIEW THE RESPONSE LINE #18, YOU WILL SEE THE DEFENDANTS ADMIT THAT THE PLAINTIFF

INFORMED DEFENDANT FUQUA ABOUT THE DISAGREEMENT WITH DR. BROWN AND ABOUT HIS

HEART CONDITION. NOW THE DEFENDANTS ADMIT THAT FUQUA IS AWARE OF PLAINTIFFS

HEART CONDITION, AND THAT SHE SEEN HIS CARDIAC REPORT FROM COOK COUNTY HOSPITAL

AND THE DEFENDANTS ADMIT THAT PLAINTIFF TOLD FUQUA THAT HIS CONDITION HAD

WORSENED. IF THE DEFENDANTS ADMIT TO THAT THE PLAINTIFF INFORMED FUQUA ABOUT

HIS HEART CONDITION AND THAT FUQUA SEEN HIS CARDIAC REPORT FROM COOK COUNTY

HOSPITAL AND THAT THE PLAINTIFF TOLD FUQUA HIS CONDITION HAS WORSENED. THAT

MEAN THE DEFENDANTS WAS AWARE AS WELL AS FUQUA OF THE PLAINTIFF SERVIOUS

MEDICAL NEED FOR HELP. IF YOU REVIEW "**EXHIBITS" H-I** , A LETTER THAT MY WIFE HAVE

WROTE TO THE DEFENDANTS ABOUT HIS HEART CONDITION, AND THE RESPONSE FROM THE

DEFENDANTS, SO THAT MEAN **FUQUA**, **POLK**, **ZIMMERMAN** AND **WALKER** WAS FULLY AWARE OF MY SERIOUS MEDICAL CONDITION. SO HOW CAN THE DEFENDANTS SAY THAT THEY HAVE LACK OF SUFFICIENT PERSONAL KNOWLEDGE ABOUT MY HEART CONDITION WHEN THEY HAVE ALREADY ADMIT TO IT BY RESPONDING BACK TO THE LETTER THAT WAS SENT TO THEM BY MY WIFE WHICH IS MARILYN JOHNSON.

SEE **FARMER V. MORITSUQU, 163 F.ED 610, 615-16 (D.C. CIR. 1998)** (INMATE'S PLEASE TO MEDIAL DIRECTOR OF FEDERAL BUREAU OF PRISONS WERE "PLAINLY MISGUIDED. THE APPROPRIATE RECOURSE WAS, FIRST AND FOREMOST, THROUGH THE LOCAL MEDICAL PERSONNEL WHO WERE RESPONSIBLE FOR (THE INMATE'S) TREATMENT DECISIONS.") HOWEVER, IF YOU BELIEVE THAT THERE ARE SYSTEM-WIDE PROBLEMS AT YOUR JAIL OR PRISON THAT HAVE PREVENTED YOU FROM RECEIVING ADEQUATE MEDICAL TREATMENT, YOU SHOULD WRITE TO SUCH HIGHER-LEVEL OFFICIALS IN ADDITION TO THE GUARDS, NURSES, AND DOCTORS WHO DEAL WITH YOU DIRECTLY.

**WYNN V. SOUTHWARD, 251 F.3D 588, 594 (7TH CIR. 2001)** (IN ADDITION TO MAKING WRITTEN REQUEST, INMATE REPEATEDLY TOLD PRISON OFFICIALS THAT HE NEEDED HIS HEART MEDICATION "IMMEDIATELY")

**CHAVEZ V. CADY, 207 F.3D 901, 903, 906 (7TH CIR. 2000)** (INMATE COMPLAINED TO GUARDS ABOUT THIS SEVERE STOMACH PAIN, VOMITING, SWEATING, AND CHILLS; INMATE "DID HIS PART TO LET THE OFFICERS KNOW HE WAS SUFFERING").

**ESTELLE, 429 U.S. AT 105-06: HUNT V. UPHOFF, 199 F.3D 1220, 1224 (10TH CIR.L 1999): LANCASTER V. MONROE COUNTY, 116 F.3D 1419 (11TH CIR.L 1997)** ("{A}N OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE INTENTIONALLY DELAYS PROVIDING AN INMATE WITH ACCESS TO MEDICAL TREATMENT, KNOWING THAT THE INMATE HAS A LIFE-THREATENING CONDITION OR AN URGENT MEDICAL CONDITION THAT WOULD BE EXACERBATED BY DELAY.")

AND ALSO, THIS COURT HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED FOR MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE THAT CARE CONSTITUTE DELIBERATE INDIFFERENCE. SEE **CARSONWELL V. BAY COUNTY, 854 F.2D 454, 457 (11TH CIR. 1988): HUDSON V. MCHUGH, 148 F.3D 859, 864 (7TH CIR. 1988)** (OFFICIALS KNEW THAT INMATE WAS NOT GETTING HIS MEDICINE FOR EPILEPSY: "THIS IS THE PROTOTYPICAL CASE OF

DELIBERATE INDIFFERENCE")" LANCASTER, 116 F.3D AT 1425 (CLEARLY ESTABLISHED

THAT "AN OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE KNOWS THAT AN

INMATE IS IN SERIOUS NEED OF MEDICAL CARE BUT HE FALLS OR REFUSES TO OBTAIN MEDICAL TREATMENT FOR THE INMATE").

THE SUPREME COURT WROTE THAT THE CONSTITUTION PROHIBITS OFFICIALS FROM

"INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE OR

INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED." ESTELLE, 42

9 U.S. AT 104-05 (EMPHASIS ADDED).

THUS THE

STATE HAS A CONSTITUTIONAL OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE

TO THOSE WHOM IT HAS INCARCERATED. ID. SEE ALSO WEST V. ATKINS, 487 U.S. AT --,

108 S.CT. AT 2258. ACCORDINGLY, "DELIBERATE INDIFFERENCE TO A PRISONER'S

SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION UNDER 1983." ESTELLE, 429

U.S. AT 105, 97 S.CT. AT 291.

AND ALSO, THIS COURT HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED

FOR MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE THAT CARE CONSTITUTE

DELIBERATE INDIFFERENCE. SEE CARSONWELL V. BAY COUNTY, 854 F.2D 454, 457 (11TH CIR. 1988):

## WARDEN TERRY L. POLK

POLK ADMIT THAT THE PLAINTIFF WROTE TO HIM AND INFORMED HIM ABOUT THE

DISAGREEMENT WITH DR. BROWN REGARDING HIS MEDICATIONS. BUT THE DEFENDANTS DENY

THAT WARDEN POLK REFUSES TO DO ANYTHING ABOUT IT AND DENY THAT HE TURNED A

BLIND EYE TO THE SITUATION. IF POLK DID NOT TURN A BLIND EYE TO MY SERIOUS MEDICAL

NEED FOR MY MEDICATION WHY AM I NOT RECEIVING IT AS OF TODAY. DEFENDANTS DENY

THAT POLK DENIED ALL OF PLAINTIFFS GRIEVANCES BUT ADMIT THAT POLK CONCURRED

WITH THE GRIEVANCE OFFICERS DENIAL OF SOME OF PLAINTIFFS GRIEVANCES. THIS IS

PLAINLY INCORRECT, BECAUSE IF POLK CONCURRED WITH THE DENIAL THAT MEAN HE DENIED

IT" BECAUSE WARDEN POLK HAVE THE LAST SAY SO ON ALL GRIEVANCES. IF YOU REVIEW

"EXHIBITS" G-2 TO G-8, YOU WILL SEE THAT POLK DENIED ALL GRIEVANCES WHEN POLK WAS

AWARE OF DR. BROWN AND FUQUA WRONG DOING, SO THAT MEAN THAT POLK TURNED A

THUS THE STATE HAS A CONSTITUTIONAL OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE

TO THOSE WHOM IT HAS INCARCERATED. ID. SEE ALSO **WEST V. ATKINS, 487 U.S. AT --,**

**108 S.CT. AT 2258**. ACCORDINGLY, "DELIBERATE INDIFFERENCE TO A PRISONER'S

SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION UNDER 1983." **ESTELLE, 429**

**U.S. AT 105, 97 S.CT. AT 291**.

BLIND EYE TO MY SERIOUS MEDICAL NEED BY NOT DOING ANYTHING ABOUT IT.

SEE **FARMER V. MORITSUQU, 163 F.ED 610, 615-16 (D.C. CIR. 1998)** (INMATE'S PLEASE TO MEDIAL

DIRECTOR OF FEDERAL BUREAU OF PRISONS WERE "PLAINLY MISGUIDED. THE APPROPRIATE

RECOURSE WAS, FIRST AND FOREMOST, THROUGH THE LOCAL MEDICAL PERSONNEL WHO

WERE RESPONSIBLE FOR (THE INMATE'S) TREATMENT DECISIONS.") HOWEVER, IF YOU BELIEVE

THAT THERE ARE SYSTEM-WIDE PROBLEMS AT YOUR JAIL OR PRISON THAT HAVE PREVENTED

YOU FROM RECEIVING ADEQUATE MEDICAL TREATMENT, YOU SHOULD WRITE TO SUCH

HIGHER-LEVEL OFFICIALS IN ADDITION TO THE GUARDS, NURSES, AND DOCTORS WHO DEAL

WITH YOU DIRECTLY.

**ESTELLE, 429 U.S. AT 105-06: HUNT V. UPHOFF, 199 F.3D 1220, 1224 (10TH CIR.L 1999): LANCASTER**

**V. MONROE COUNTY, 116 F.3D 1419 (11TH CIR.L 1997)** ("{A}N OFFICIAL ACTS WITH DELIBERATE

INDIFFERENCE WHEN HE INTENTIONALLY DELAYS PROVIDING AN INMATE WITH ACCESS TO

MEDICAL TREATMENT, KNOWING THAT THE INMATE HAS A LIFE-THREATENING CONDITION OR

AN URGENT MEDICAL CONDITION THAT WOULD BE EXACERBATED BY DELAY.")

**HUDSON V. MCHUGH, 148 F.3D 859, 864 (7TH CIR. 1988)** (OFFICIALS KNEW THAT INMATE

WAS NOT GETTING HIS MEDICINE FOR EPILEPSY: "THIS IS THE PROTOTYPICAL CASE OF

DELIBERATE INDIFFERENCE")" **LANCASTER, 116 F.3D AT 1425** (CLEARLY ESTABLISHED

THAT "AN OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE KNOWS THAT AN

INMATE IS IN SERIOUS NEED OF MEDICAL CARE BUT HE FALLS OR REFUSES TO OBTAIN MEDICAL TREATMENT FOR THE INMATE").

THE SUPREME COURT WROTE THAT THE CONSTITUTION PROHIBITS OFFICIALS FROM

"INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE OR

INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED." ESTELLE, 42

9 U.S. AT 104-05 (EMPHASIS ADDED).

" ESTELLE V. GAMBLE, 429 U.S. AT 106, 97 S.CT. AT 292. IN ARTICULATING THE SCOPE OF THIS

RIGHT, THE COURT HAS WARNED THAT NOT "EVERY CLAIM BY A PRISONER THAT HE HAS NOT

RECEIVEDADEQUATE MEDICAL TREATMENT STATES A (CONSTITUTIONAL) VIOLATION." 429 U.S

AT 105, 97S.CT. AT 291. MERE NEGLIGENCE OR MEDICAL MALPRACTICE IS NOT SUFFICIENT. SEE

WEST V. ATKINS, 487 U.S. 42, 108 S.CT. 2250, 2255 N. 8, 101 L.ED.2D 40 (1988): ESTELLE, 429

U.S. AT 105-06, 97 S.CT. AT 292. HOWEVER, "{A} N INMATE MUST RELY ON PRISON

AUTHORITIES TO TREAT HIS MEDICAL NEEDS; IF THE AUTHORITIES FAIL TO DO SO

THOSE NEED WILL NOT BE MET." ESTELLE, 429 U.S. AT 103, 97 S.CT. AT 290. THUS THE

STATE HAS A CONSTITUTIONAL OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE

TO THOSE WHOM IT HAS INCARCERATED. ID. SEE ALSO WEST V. ATKINS, 487 U.S. AT --,

108 S.CT. AT 2258. ACCORDINGLY, "DELIBERATE INDIFFERENCE TO A PRISONER'S

SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION UNDER 1983." ESTELLE, 429

U.S. AT 105, 97 S.CT. AT 291.


## ROGER E. WALKER, DIRECTOR

DEFENDANTS DENY THAT **WALKER** IS AWARE OF PLAINTIFFS HEART CONDITION.
DEFENDANTS LACK SUFFICIENT PERSONAL KNOWLEDGE AS TO WHETHER MARILYN JOHNSON
WROTE POLK SEVERAL TIMES. IF YOU REVIEW "**EXHIBITS**" H2-4-6  YOU WILL SEE A LETTER TO
DIRECTOR **WALKER** FROM THE PLAINTIFF AND FROM MARILYN JOHNSON, AND IF YOU LOOK
AT "**EXHIBITS**" 1-4 WHERE WALKER'S OFFICE RECEIVED LETTER FROM MARILYN JOHNSON AND
FORWARDED FOR APPROPRIATE RESPONSE AND FOLLOW-UP. SO DIRECTOR **WALKER** WAS
FULLY AWARE OF MY SERIOUS MEDICAL NEED BUT DID NOT DO ANYTHING ABOUT IT, BECAUSE
AS OF TODAY I AM NOT GETTING THE RIGHT MEDICATION FOR MY HEART CONDITION.

THUS THE STATE HAS A CONSTITUTIONAL OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE

TO THOSE WHOM IT HAS INCARCERATED. ID. SEE ALSO WEST V. ATKINS, 487 U.S. AT --,

108 S.CT. AT 2258. ACCORDINGLY, "DELIBERATE INDIFFERENCE TO A PRISONER'S

SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION UNDER 1983." ESTELLE, 429

U.S. AT 105, 97 S.CT. AT 291

HUDSON V. MCHUGH, 148 F.3D 859, 864 (7TH CIR. 1988) (OFFICIALS KNEW THAT INMATE

WAS NOT GETTING HIS MEDICINE FOR EPILEPSY: "THIS IS THE PROTOTYPICAL CASE OF

DELIBERATE INDIFFERENCE")" LANCASTER, 116 F.3D AT 1425 (CLEARLY ESTABLISHED

THAT "AN OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE KNOWS THAT AN

INMATE IS IN SERIOUS NEED OF MEDICAL CARE BUT HE FALLS OR REFUSES TO OBTAIN MEDICAL TREATMENT FOR THE
INMATE").

LANCASTER V. MONROE COUNTY, 116 F.3D 1419 (11TH CIR.L 1997) ("{A}N OFFICIAL ACTS WITH

DELIBERATE INDIFFERENCE WHEN HE INTENTIONALLY DELAYS PROVIDING AN INMATE WITH

ACCESS TO MEDICAL TREATMENT, KNOWING THAT THE INMATE HAS A LIFE-THREATENING

CONDITION OR AN URGENT MEDICAL CONDITION THAT WOULD BE EXACERBATED BY DELAY.")

AND ALSO, THIS COURT HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED

FOR MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE THAT CARE CONSTITUTE

DELIBERATE INDIFFERENCE. SEE CARSONWELL V. BAY COUNTY, 854 F.2D 454, 457 (11TH CIR. 1988):

." ESTELLE V. GAMBLE, 429 U.S. AT 106, 97 S.CT. AT 292. IN ARTICULATING THE SCOPE OF THIS

RIGHT, THE COURT HAS WARNED THAT NOT "EVERY CLAIM BY A PRISONER THAT HE HAS NOT

RECEIVED ADEQUATE MEDICAL TREATMENT STATES A (CONSTITUTIONAL) VIOLATION." 429 U.S

AT 105, 97 S.CT. AT 291. MERE NEGLIGENCE OR MEDICAL MALPRACTICE IS NOT SUFFICIENT. SEE

WEST V. ATKINS, 487 U.S. 42, 108 S.CT. 2250, 2255 N. 8, 101 L.ED.2D 40 (1988): ESTELLE, 429

U.S. AT 105-06, 97 S.CT. AT 292. HOWEVER, "{A} N INMATE MUST RELY ON PRISON

AUTHORITIES TO TREAT HIS MEDICAL NEEDS; IF THE AUTHORITIES FAIL TO DO SO,

THOSE NEED WILL NOT BE MET." ESTELLE, 429 U.S. AT 103, 97 S.CT. AT 290. THUS THE

STATE HAS A CONSTITUTIONAL OBLIGATION TO PROVIDE ADEQUATE MEDICAL CARE

TO THOSE WHOM IT HAS INCARCERATED. ID. SEE ALSO WEST V. ATKINS, 487 U.S. AT --,

108 S.CT. AT 2258. ACCORDINGLY, "DELIBERATE INDIFFERENCE TO A PRISONER'S

SERIOUS ILLNESS OR INJURY STATES A CAUSE OF ACTION UNDER 1983." ESTELLE, 429
U.S. AT 105, 97 S.CT. AT 291.

AND ALSO, THIS COURT HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED FOR MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE THAT CARE CONSTITUTE DELIBERATE INDIFFERENCE. SEE CARSONWELL V. BAY COUNTY, 854 F.2D 454, 457 (11TH CIR. 1988):

## WARDEN ROGER A. ZIMMERMAN

ZIMMMERMAN KNOWS ALL ABOUT MY HEART CONDITION BECAUSE I HAVE MADE ZIMMERMAN AWARE SEVERAL TIMES BY TALKING WITH HIM ABOUT FUQUA AND DR. BROWN WRONG DOING AND MY WIFE HAVE WROTE TO ZIMMERMAN ABOUT MY HEART CONDITION. IF YOU REVIEW "EXHIBIT" H-10 YOU WILL SEE A LETTER FROM MARILYN JOHNSON WRITING ABOUT MY HEART CONDITION. NOW IF YOU REVIEW THE ANSWER FROM THE DEFENDANTS ATTORNEY YOU WILL SEE THAT THEY DID NOT PUT WARDEN ZIMMERMAN RESPONSE IN THERE LIKE THEY DID THE OTHER DEFENDANTS, YOU CAN ALSO REVIEW THE COMPLAINT AND YOU WILL SEE THAT I HAVE PUT ZIMMERMAN IN THE COMPLAINT. ZIMMERMAN KNOWS ABOUT MY HEART CONDITION BECAUSE I HAVE FILED SEVERAL GRIEVANCES ABOUT MY HEART CONDITION AND ZIMMERMAN DENIED ALL OF THEM AND CONTINUED TO TURN A BLIND EYE TO THE SITUATION I AM HAVING WITH DR. BROWN AND MS. FUQUA.

SEE FARMER V. MORITSUQU, 163 F.ED 610, 615-16 (D.C. CIR. 1998) (INMATE'S PLEASE TO MEDIAL DIRECTOR OF FEDERAL BUREAU OF PRISONS WERE "PLAINLY MISGUIDED. THE APPROPRIATE RECOURSE WAS, FIRST AND FOREMOST, THROUGH THE LOCAL MEDICAL PERSONNEL WHO WERE RESPONSIBLE FOR (THE INMATE'S) TREATMENT DECISIONS.") HOWEVER, IF YOU BELIEVE THAT THERE ARE SYSTEM-WIDE PROBLEMS AT YOUR JAIL OR PRISON THAT HAVE PREVENTED YOU FROM RECEIVING ADEQUATE MEDICAL TREATMENT, YOU SHOULD WRITE TO SUCH HIGHER-LEVEL OFFICIALS IN ADDITION TO THE GUARDS, NURSES, AND DOCTORS WHO DEAL WITH YOU DIRECTLY.

HUDSON V. MCHUGH, 148 F.3D 859, 864 (7TH CIR. 1988) (OFFICIALS KNEW THAT INMATE WAS NOT GETTING HIS MEDICINE FOR EPILEPSY: "THIS IS THE PROTOTYPICAL CASE OF DELIBERATE INDIFFERENCE")" LANCASTER, 116 F.3D AT 1425 (CLEARLY ESTABLISHED THAT "AN OFFICIAL ACTS WITH DELIBERATE INDIFFERENCE WHEN HE KNOWS THAT AN

INMATE IS IN SERIOUS NEED OF MEDICAL CARE BUT HE FALLS OR REFUSES TO OBTAIN

MEDICAL TREATMENT FOR THE INMATE").

THE SUPREME COURT WROTE THAT THE CONSTITUTION PROHIBITS OFFICIALS FROM

"INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE OR

INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED." **ESTELLE, 42**

**9 U.S. AT 104-05 (EMPHASIS ADDED).**

**ESTELLE, 429 U.S. AT 105-06: HUNT V. UPHOFF, 199 F.3D 1220, 1224 (10TH CIR.L 1999): LANCASTER**

**V. MONROE COUNTY, 116 F.3D 1419 (11TH CIR.L 1997)** ("{A}N OFFICIAL ACTS WITH DELIBERATE

INDIFFERENCE WHEN HE INTENTIONALLY DELAYS PROVIDING AN INMATE WITH ACCESS TO

MEDICAL TREATMENT, KNOWING THAT THE INMATE HAS A LIFE-THREATENING CONDITION OR

AN URGENT MEDICAL CONDITION THAT WOULD BE EXACERBATED BY DELAY.")


### III. PLAINTIFFS REQUEST FOR RELIEF IS NOT MOOT.

FINALLY, DEFENDANTS CONTEND THAT PLAINTIFFS REQUEST FOR RELIEF IS MOOT. THEY HAVE

FAILED, HOWEVER, TO CARRY THEIR "HEAVY BURDEN" OF SHOWING THAT THEY HAVE

CORRECT THE PROBLEM I AM HAVING WITH DR. BROWN AND FUQUA WRONG DOING, AND TO

SEE TO IT THAT I RECEIVE THE FOLLOWING MEDICATION PLAVIX, ZOCOR AND ISOSBRIDE

AND SEE TO IT THAT THE PROBLEM WILL NOT RETURN IF PLAINTIFFS RELIEF CLAIM IS

DISMISSED. IN FACT, AS THE DECLARATIONS FROM THE PLAINTIFF SHOW DEFENDANTS

CONTINUE TO REFUSE TO GIVE ME THE RIGHT MEDICATION I NEED FOR MY HEART CONDITION.

THE PLAINTIFF CONTINUE TO FILE GRIEVANCES ABOUT THE SAME THING, THE PLAINTIFF

HEART CONDITION AND THE DEFENDANTS **FUQUA** AND **ZIMMERMAN** STILL REFUSES TO

INSTRUCT DR. BROWN TO ORDER THE RIGHT MEDICATION, WHICH IS THE FOLLOWING **ZOCOR,**

**ISOSBRIDE** AND **PLAVIX,** TO IMPROVE THE PLAINTIFF CONDITION, BUT INSTEAD THE

DEFENDANTS CONTINUED TO TURN A BLIND EYE TO THE PLAINTIFF HEART CONDITION AND

THE PROBLEM WITH **DR. BROWN**. THE PLAINTIFF TONY SCOTT CONTINUE TO EXPERIENCE

MEDICAL PROBLEMS DO TO **DR. BROWN** STILL REFUSE TO GIVE THE PLAINTIFF **TONY SCOTT**

THE RIGHT MEDICATION FOR HIS SERIOUS MEDICAL NEED.  **ESTELLE V. GAMBLE**, 429 U.S. 97, 97

S.CT. 285, 50.  THE COURT RECOGANIZED, AS IT HAS IN **ESTELLE**, THAT THE STATE HAS A

CONSTITUTIONAL DUTY TO PROVIDE ADEQUATE MEDICAL CARE TREATMENT TO ITS PRISON

INMATES.  AFTER FILING THIS LAWSUIT ON THE DEFENDANTS I AM BEING HARASSED BY SOME

OFFICERS.  I HAVE FILED GRIEVANCES ON THE OFFICERS AND I AM STILL WAITING ON THE

RESPONSE BECAUSE THE RELIEF REMAINS NECESSARY TO CORRECT THIS ON GOING VIOLATION

OF THE EIGHTH AMENDMENT, THE DEFENDANTS MOTION SHOULD BE DENIED.

**CONCLUSION**

FOR ALL OF THE ABOVE REASON, DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT SHOULD
BE DENIED BECAUSE  FUQUA, WALKER, ZIMMERMAN AND POLK SHOULD HAVE KNOWN THEY
HAVE A CONSTITUTIONAL OBLIGATION TO FOLLOW PROCEDURES.  I FEEL THEY INTENTIONALLY
DENIED AND DELAYED ME FROM RECEIVING THE RIGHT MEDICATION. IF PROCEDURES WERE
FOLLOWED I WOULD NOT HAVE SUFFER FROM CHEST PAINS AND DISCONFRONT BY NOT
RECEIVING THE RIGHT MEDICATION.   SOON AS I WAS TRANSFERRED TO LOGAN C.C. I WAS
IMMEDIATELY PUT BACK ON **ZOCOR**, **ISOSBRIDE** AND **PLAVIX**, COPIES OF DOCUMENTS
ATTACHED FROM LOGAN MEDICAL.

TONY SCOTT
946 NORTH KEDVALE
CHICAGO, IL  60651
(773) 276-5157

IN THE
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


TONY SCOTT_____                    )
Plaintiff,                              )
                                        )        Case No. 3:06-CV-3144
            V.                          )
                                        )
                                        )
▨▨▨, Zimmerman, Hendrick, Fuqua,        )
Polk, ▨▨▨▨▨, Walker

    Defendants
_____

### PROOF/CERTIFICATE OF SERVICE

TO:  Clerk of the Court                    TO:  Theresa M. Powell
     U.S. District Court                        Lindsay Sweet
     151 U.S. Courthouse                        Robert P. Vogt
     600 East Monroe St.
     Springfield, IL  62701


PLEASE TAKE NOTICE that on _____, 20__, I have place the documents
listed below in the institutional mail at _____Correctional Center, property addressed
to the parties listed above for mailing through the United States Postal Service: _____
_____
____ No longer at Correctional Center_____
_____.


Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that
I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.



DATE: 8 - 1 - 07                    /s/ Tony Scott
                                    Name:  Tony Scott
                                           946 N. Kedvale
                                           Chicago, IL  60651

E-FILED
Monday, 06 August, 2007  10:58:16 AM
Clerk, U.S. District Court, ILCD

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Health Status Transfer Summary**

Transferring Facility: _WIL_____ Center

Offender Information:

| | | |
|---|---|---|
| Last Name _Scott_ | First Name _Tony_ | MI ___ | ID# _N92258_ |

Date: _12.29.06_    Time: _0630_    ☐ a.m. ☑ p.m.

**Transfer Screening** (completed by transferring facility health care staff)   ☐ HIV Test & Counseling Offered (only transfers to ATC, parole, release or discharge)

Allergies: _NKA_                          Food Handler Approved: _yes_

Current / Acute Conditions / Problems: _Ø_

Chronic Conditions / Problems: _HTN_

Current Medications (name, dosage, frequency, and duration):

Acute Short-term: _162 mg_

Chronic Long-term: _81 mg po QD, Vasotec 20 mg BID, Metacor 40 mg @ HS, Lopressor 50 mg BID, Nitro SL prn_   _0.4_

Chronic Psychotropic: _Ø_

Current Treatments: _AFC to feet biweekly, A&D oint packet daily_

Therapeutic Diets: _self_

Follow-Up Care: _routine_

Chronic Clinics: _HTN_

Specialty Referrals: _Ø_

Significant Medical History: _Hx depression, Angina ↑ lipids, CAD, Rt orchiectomy, MI, CVA -04-_

Physical Disabilities / Limitations: _Ø_

Assistive Devices / Prosthetics: _Ø_      ☐ Glasses   ☐ Dentures

Mental Health Issues: ☐ Hx Suicide Attempt; Date: __/__/__   ☐ Hx Psych Med  ☐ Hx MPC / STC   Substance Abuse: ☐ Alcohol  ☐ Drugs

R & C Use Only: ☐ LAB   ☐ EKG   ☐ CXR   ☐ Other   ☑ Packet Complete

| | | |
|---|---|---|
| _T. Munn_ | _T. Munn_ | _12.29.06_ |
| Print Name and Title | Signature | Date |

---

**Reception Screening** (completed by receiving facility health care staff):

Facility: _Logan_                          Date: _1 , 3 , 07_    Time: _1904_    ☐ a.m. ☐ p.m.

Subjective:
Current Complaint: _wants low bunk_

Current Medications/Treatment: _see above_

Assessment: _wt : 188_
_scales - no_

_psych - yes_

Objective:
Physical Appearance/Behavior: _A+O x 4_

_cats Ø_

Deformities: Acute/Chronic: _Ø_

T: _98_   P: _62_   R: _18_   B/P: _171/81_
_recheck 137/94_

Plan: Disposition:
☐ Health Information Given          ☐ Emergency Referral:
☐ Sick Call:  Urgent / Routine
   ☐ Medication Evaluation   ☐ Therapeutic Diet   ☐ Special Housing   ☐ Chronic Clinic
   ☐ Work / Program Limitation   ☐ Specialty Referrals   ☐ Other (specify):
☐ Infirmary Placement:
☐ HIV Test & Counseling Offered (only transfers from R&C)
☐ Other (specify):

| | | |
|---|---|---|
| _Terry Clevenger CN I_ | _Terry Clevenger_ | _1 , 3 , 07_ |
| Printed Name and Title | Signature | Date |

---

**For Adult Transition Center transfers only:**

I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.

| | | |
|---|---|---|
| | | ☐ a.m. ☐ p.m. |
| Offender's Signature | Date | Time |

Distribution: Offender's Medical Record; Transferring Facility;
Receiving Facility

DOC 0090 (Rev. 1/2006)
(Replaces DC 873)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Infirmary Progress Notes**

_____ **LOGAN** _____ Center

| Offender Information: | | |
|---|---|---|
| Scott | Tony | ID#: N92280 |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 1-4-07 9³⁰ | MD note chart reviewed HTN and ischemic heart disease Post CVA al | Lopressor 50 mg BID X 6 mth Vasotec 20 mg BID x 6 mth Lonacor 40 mg hs x 6 mth nitro SL 0.4 g prn x 6 mth |
| | | Script to pharmacy Tolnaftate Crem BID X 60 day ASA 162 mg PO qd x 6 mth |
| | | Memo Clinic nurse HTN clinic Light Duty x 1yr to BUMC X 1 Year Copy to offender |
| | Copy made of low acute, light duty *K | Noted Merche aN |

DOC 0085 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Infirmary Progress Notes**

_____ **LOGAN** _____ Center

Offender Information:

Scott                    Tony                    N92280
Last Name              First Name        MI        ID#:

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 1-9-07 | NP (Dx) | P. Flu Medicine |
| 1¹³ | 98⁸ - 104/70 - 58¹⁶ - 186# | medication |
| | S) Wants different medication than currently prescribed | pulup meds @ pharmacy. prescribed |
| | O) BP 104/70. H-R/R Lungs CTA. | G. Prubble 1-9-0 2PM |
| | A) Hx ___ CAD) | |
| | | |
| | | |

**MEDICAL PROGRESS NOTES**

PSYCHOLOGIST NOTE

NMATE NAME: SCOTT, TONY

NMATE IDOC# N92280     LOCATION 14gym     DATE 1-9-07     TIME 1100

S: _____     P: _____

~~S: Indicates Understanding~~

O: _____     O: Focus Groups

A: Mental Health Teaching

P: Mental Health Crisis

Prevention Group Completed

A: _____

DC710-1195 (EFF Q7-96)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ **LOGAN** _____ Center

HTN / CV Clinic

Offender Information:

Last Name: Scott    First Name: Tony    MI: _____    ID#: N92280

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3/27/07 10:10 | S) Here HTN Smoker Stated he is sometimes tired | P) Medications Ordered: Norvasc 40mg po #1 Plavix 75mg po #1 [illegible] |
| | O) Ht 5'11 / Wt 182 P 54 R 18 B/P 105/70 Temp 98 | |
| | Heart: Rate/Rhythm: R|R    Lung Sounds: CTA | |
| | Bruits: Y (N) Lab Results: Chem 7: (Y) N  CBC: (Y) N | |
| | EKG: (Y) N  Fundo (Y) N  Lipid Profile (Y) N  U/A: (Y) N | P) Education: ✓ Medications ✓ Diet ✓ Exercise ✓ Smoking Stop ✓ Risk reduction |
| | Peripheral Edema: Y (N)    JVD: Y (N) PERRLA: Y N | |
| | Good: ✓    Fair: ___    Poor: ___ | |
| | | ✓ Special Placement Needs [illegible] |
| | A)  Hypertension _____ ✓ Cardiovascular Disease ✓ | [illegible] |
| | | MD/NP Signature: [illegible] |
| | | Nurse Signature: [illegible] 3/27/07 10:36 |

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
814-629-1597 • Fax: 814-629-7644

| EFFECTIVE DATES | MEDICATIONS |
|---|---|
| rginal Order / -3-07 scontinue / -3-07 | ASA 162MG PO QD |
| rginal Order 3-07 scontinue / -3-07 | Vasotec 20MG PO BID |
| inial Order 3-07 scontinue 7-3-07 | Lopressor 50MG PO BID |
| initial Order 7-3-07 scontinue 7-3-07 | Meracor 40MG PO QHS |
| inital Order 7-3-07 scontinue 7-3-07 | Nitro 0.4MG SL PRN |
| inital Order -3-07 scontinue -3-07 | Tolnaftate Cream to feet x 2 months |

**HOUR** columns 1–31

CHARTING FOR 1-3-07  THROUGH 1-21-07

DATE OF BIRTH OR SOC. SEC. NO.

ALLERGIES: NKA

FACILITY: Logan

DIAGNOSIS

| Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|
| TL | Tzu | | | SU | SU Murta |

CATION

ATE NAME AND NUMBER: Scott, Tom NG2280

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
### 814-629-1397 • Fax: 814-629-7644

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**EFFECTIVE DATES**

riginal Order  A-Dovit packet
1-3-07  QD
iscontinue
1-3-07  Stopped 1-24-07

riginal Order  Danocrine 10 mg
1-5-07  po tid × 6 mos
iscontinue
1-5-07  #90

riginal Order  Plavix 75 mg  8AM
1-5-07  po q d × 6 mos  #30
iscontinue
1-5-07

CHARTING FOR 1-3-07  THROUGH 1-31-07

NAME AND NUMBER  Scott, Tony  N 92280
DATE OF BIRTH OR SOC. SEC. NO.
ALLERGIES  N K A
FACILITY  Logan
DIAGNOSIS

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
814-629-1607 • Fax: 814-629-7644

| EFFECTIVE | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order | AMITRIPTYLINE 75MG TB SUB FOR: ELAVIL 75MG TABLET ORAL; SALE TAKE 1 TABLET BY MOUTH DAILY X 6 MONTHS | 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | ACETAMINOPHEN 325MG TABLET SUB FOR: REGULAR 325MG TABLET ORAL; SALE TAKE 2 TABLET BY MOUTH 3 TIMES DAILY X 6 MONTHS | 8AM 4PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | DIRECTED X 6 MONTHS | 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | LEVOFLOXACIN 500 MG TAB SUB FOR: LEVAQUIN 500MG TABLET ORAL; SALE TAKE 1 TABLET BY MOUTH DAILY AT BEDTIME X 6 MONTHS | 8PM 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | SUB FOR: COMPAZINE 10MG TABLET ORAL; SALE TAKE 1 TABLET BY MOUTH DAILY X 6 MONTHS | 8PM 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | SUB FOR: ASOTEC 20MG TABLET ORAL; SALE TAKE 1 TABLET BY MOUTH DAILY X 6 MONTHS | 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|

INMATE NAME AND NUMBER

LOCATION | DATE OF BIRTH OR SOC. SEC. NO. | ALLERGIES | FACILITY

DIAGNOSIS

CHARTING FOR | THROUGH

MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
814-629-1057 • Fax: 814-629-7644

| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order | MOTRIN CHILD SUSP 100 MG | 9A | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | SPLEEN CHRIS3, MD | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | TOLNAFTATE 1% CREAM | P | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 01/05/07 | SPLEEN CHRIS3, MD | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| EFF 1/12 | USE AS DIRECTED X 2 | N | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Stu White |

ALLERGIES/REACTION  DRUG ALLERGIES
NO KNOWN DRUG ALLERGIES

DIAGNOSIS

LOCATION

INMATE NAME AND NUMBER

DATE OF BIRTH OR SOC. SEC. NO.

FACILITY

CHARTING FOR              THROUGH

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
### 814-629-1637 • Fax: 814-629-7644

| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/5/07 04/16/07 REF.01 4/17/07 6622885 | PLAVIX 75MG TABLET SALEH OBAISI, MD TAKE 1 TABLET BY MOUTH DAILY X 6 MONTHS | 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 3/5/07 04/16/07 REF.01 4/17/07 6622885 | ISOSORBIDE DN 10MG TABLET SUB FOR: ISORDIL 10MG TABLET OBAISI, SALE TAKE 1 TABLET BY MOUTH 3 TIMES DAILY X 6 MONTHS | 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | 4PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 6622883 | NITROQUICK 0.4MG TABLET S SALEH OBAISI, MD PLACE 1 TABLET UNDER TONGUE AS NEEDED AS DIRECTED X 6 MONTHS | 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order REF.00 Discontinue 07/15/07 6613310 | | P | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | N | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 3/5/07 01/05/07 REF.01 8/7/07 6613385 | LOVASTATIN 40 MG TAB SUB FOR: MEVACOR 40MG TABLET OBAISI, SALE TAKE 1 TABLET BY MOUTH DAILY AT BEDTIME X 6 MONTHS | 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 01/05/07 REF.01 Discontinue 07/15/07 6613385 | METOPROLOL 50MG TABLET SUB FOR: LOPRESSOR 50MG TABLE OBAISI, SALE TAKE 1 TABLET BY MOUTH TWICE DAILY X 6 MONTHS | 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 01/05/07 REF.01 Discontinue 07/15/07 6613302 | ENALAPRIL MALEATE 20MG TA SUB FOR: VASOTEC 20MG TABLET OBAISI, SALE TAKE 1 TABLET BY MOUTH TWICE DAILY X 6 MONTHS | 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|

ALLERGIES
NO KNOWN DRUG ALLERGIES

LOCATION

INMATE NAME AND NUMBER

DATE OF BIRTH OR SOC SEC NO.

DIAGNOSIS

CHARTING FOR          THROUGH

FACILITY

# MEDICATION ADMINISTRATION RECORD

## BOSWELL PHARMACY SERVICES
### 814-629-1057 • Fax: 814-629-7644

| EFFECTIVE DATES | MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Original Order 01/05/07 REF:01 Discontinue 07/15/07 6613295 | ASPIRIN CHILD 81MG TAB CH SALEH OBAISI, MD TAKE 2 TABLETS (162MG) BY MOUTH DAILY X 6 MONTHS | 8AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order 01/05/07 REF:00 Discontinue 03/05/07 6613293 | TOLNAFTATE 1% CREAM SALEH OBAISI, MD USE AS DIRECTED X 2 MONTHS LAST issued 1/8/07 | E R N | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Original Order Discontinue | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature | Initial | Signature |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

DATE OF BIRTH OR SOC. SEC. NO.

ALLERGIES
NO KNOWN DRUG ALLERGIES

DIAGNOSIS

CHARTING FOR ___ THROUGH ___

FACILITY

LOCATION

INMATE NAME AND NUMBER